445 P.2d 531 (1968)
Wyatt Long WEBB, Jr., Plaintiff in Error,
v.
The STATE of Oklahoma, Defendant in Error.
No. A-14092.
Court of Criminal Appeals of Oklahoma.
July 17, 1968.
Ralph Samara, Oklahoma City, for plaintiff in error.
G.T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.
NIX, Presiding Judge:
Wyatt Long Webb, Jr., hereinafter referred to as the defendant, was charged in the District Court of Oklahoma County with the crime of Armed Robbery. He was tried before a jury, who found him guilty and assessed his punishment at 25 years in the penitentiary.
Defendant appealed to this Court within the time prescribed by statute, asserting numerous assignments of error. This Court has scrutinized each assignment with great care and found only two even worthy of discussion.
Defendant complains that the trial court erred in permitting the State's two rebuttal witnesses to testify as to collateral matters. The evidence reveals that defendant relied upon an alibi as a defense. He testified that on the night of the alleged offense, he was with a girl named Jessie Mae Atkins. That they had gone to a convalescent home in an effort to find employment for her and were there at the time of the alleged robbery.
The State produced two witnesses, Officers Stanfill and Jordan. Officer Stanfill testified that he had talked to the defendant in the Oklahoma County Jail, and *532 defendant told him that on the night in question, he was with Helen Stone and that they had gone to a convalescent home. The officer also testified that defendant gave him his address and stated he was leaving with Helen Stone. Officer Jordan's rebuttal testimony was to the effect he checked out defendant's alibi and he was not with Helen Stone the night of the alleged offense.
Defendant claims this testimony constitutes rebuttal on a collateral matter and is inadmissible, and that the trial court erred in admitting it over objections of the defendant.
We have carefully analyzed the testimony complained of, and cannot agree with defendant that it falls in the category of collateral testimony, but was a definite attempt to impeach the defendant's credibility and to destroy the effectiveness of his alibi. It related directly to defendant's testimony regarding his alibi and was by no means collateral to the issues. It is stated in 98 C.J.S. under Witnesses § 460:
"As a general rule, it may be said that anything having a legitimate tendency to throw light on the accuracy, truthfulness, and sincerity of a witness, including the surrounding facts and circumstances, is proper to be shown and considered in determining the credit to be accorded his testimony."
This Court held in Wiley v. State, 17 Okl. Cr. 643, 191, p. 1057:
The jury is the exclusive judge of the weight of the evidence and of credibility of each and every witness, and anything properly tending to throw light on the credit to be given to a witness is admissible.
The defendant next contends that the trial court committed error in permitting the State to cross-examine defendant relative to the details of previous felony convictions. A close examination of the record does not sustain defendant's contention in this respect. The testimony about which the defendant complains is to be found at pp. 87-89 of the casemade:
"Q. Your testimony, Mr. Wyatt, is that you had three convictions, one for the Dyer Act, when was that?
(Whereupon, the following proceedings was had at the bench out of the hearing of the jury.)
MR. SAMARA: Let the record show that we have admitted three convictions and we object to the County Attorney going into detail as to any and all of these convictions. We think it is prejudicial and in error.
MR. FUNK: It is not the purpose of the County Attorney to go into detail, just as to the date and the conviction.
MR. SAMARA: Objection all through this testimony.
THE COURT: Objection overruled. Exceptions.
BY MR. FUNK: (Continuing)
Q. When was it that you were convicted under the charge of the Dyer Act?
A. No response.
Q. To refresh your memory, was it on or about the 11-6-47?
A. I believe it was.
MR. SAMARA: Same objection all through this testimony.
THE COURT: Very well.
BY MR. FUNK: (Continuing)
Q. How many years did you get for that?
A. Three years.
Q. Your testimony was that you were convicted of a crime in, and what was the second one?
A. Forgery.
Q. Where was that?
A. Grace County, Sherman, Texas.
MR. SAMARA: Same objection all through this testimony.
BY MR. FUNK: (Continuing)
Q. Sherman, Texas. How many years were you given for that?

*533 A. Sixteen.
Q. Sixteen?
A. Yes, sir.
Q. Was that the original charge?
MR. SAMARA: Objection all through this testimony. I object to the term `charge'.
THE COURT: Objection sustained.
BY MR. FUNK: (Continuing)
Q. For which you were convicted?
A. After I was in Jail they give me some more charges.
Q. What?
MR. SAMARA: I object to this line of testimony, this type of cross examination for the reasons heretofore given.
THE COURT: The Court sustained the last objection.
MR. SAMARA: All right.
BY MR. FUNK: (Continuing)
Q. And the third charge you were, what was that?
A. Armed robbery.
Q. From what county?
A. Oklahoma County.
Q. When was that?
A. In '60.
Q. What was the sentence?
A. Ten years.
MR. SAMARA: Same objection all through this testimony.
THE COURT: Objection overruled.
MR. SAMARA: Give us exceptions."
Defendant cites several cases in support of this contention of error, but all of them have to do with the State trying to illicit details of the crime with which defendant was formally convicted. Such as: "Didn't that conviction arise out of you beating a woman with a chain". In the instant case, we fail to see where defendant was prejudiced by said cross-examination, and think it was within rules of evidence.
Defendant contends that there was evidence of an "extra-judicial identification" in a police line-up, and cites numerous authorities which correctly state the law, but in the instant case, do not apply.
The testimony which defendant cites as evidence of a police line-up is as follows:
"Q. After that happened did you have  when did you have occasion to see the defendant, if you did?
A. No response.
Q. Answer the question, when next?
A. The first time was when I was called to.
Q. How long afterwards?
A. I would say approximately three or four days.
Q. Three or four days?
A. Yes sir.
Q. Where did you see the defendant?
A. At Police Headquarters.
MR. SAMARA: I am going to object to all this testimony about his allegedly seeing the defendant at Police Headquarters, and that such evidence is wholly improper and prejudicial and should not be recognized by this Court. It is not proper evidence in the case and Court should be admonished not to consider it. At this time ask for a mistrial, ask it to be stricken.
THE COURT: Objection overruled. Motion for mistrial denied.
MR. SAMARA: Exceptions."
It would take a long stretch of the imagination to consider this a police line-up identification.
We agree with the defendant that evidence of an identification made during a police line-up is inadmissible, but testimony above related does not fall within this category.
After a thorough review of this case and defendant's contentions of error, we feel that justice would be best served if the judgment and sentence of the lower court be affirmed, and it is so ordered.
BRETT, J., concurs.