Charles BROWN, Jr., Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–16845.

Court of Criminal Appeals of Oklahoma.

April 12, 1972.

James E. Frasier, Frasier & Frasier, Tulsa, for plaintiff in error.

Larry Derryberry, Atty. Gen., Paul Crowe, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge:

Charles Brown, Jr., hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Tulsa County, Oklahoma, of Carrying a Firearm, After Former Conviction of a Felony; his punishment was fixed at a term of not less than two (2) years nor more than six (6) years imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial, Officer Cox testified that in the early morning hours of December 13, 1970, he received a report of an alleged robbery and a description of one of the female suspects. He observed a woman fitting the description sitting in the back seat of a cab with two other Negro females. He made a U-turn and stopped behind the parked cab. He proceeded to the front passenger side of the cab and shined his flashlight into the front seat. He observed the defendant seated on the passenger side with his hand on a partially covered gun lying on the seat. He directed the defendant to get out of the cab. Upon doing so, the officer reached under a pillow and recovered a .38 caliber pistol.

Officer Smith testified that on the morning in question he arrived at the scene shortly after Officer Cox. He observed Officer Cox walk up to the side of the cab, say, "Hold it," and draw his pistol. The defendant dismounted from the cab whereupon the officer looked into the cab. When Officer Cox turned around, Officer Smith observed a weapon which resembled State's Exhibit One, sticking in his belt. At the direction of Officer Cox, he took the defendant into custody.

For the defense, Eddie Roeland testified that he was the cab driver on the morning in question. He stated that he picked up the defendant and the three ladies at approximately 4:00 in the morning. A lady passenger directed him to take the party to the 100 block on North Greenwood where a cafe was open. He testified that he did not observe a gun on the defendant's person when he entered the cab. He kept the blanket and pillow in the front seat of the cab in order to keep warm when he did not have his cab running. He further testified that between the time he last used the blanket and the time the defendant entered the cab, several passengers had been in the cab and sat in the front seat. Upon his arrival, Officer Cox took the blanket, shook it and out of the blanket came the pistol. The gun was not his and he had not seen it previously that morning. The defendant's testimony did not differ substantially from the account related by the witness Roeland. He denied knowledge of the presence of the gun and denied ownership of the gun.

The sole proposition asserts that "the court erred in allowing the prosecution to go beyond the legitimate bounds of cross-examination of the defendant to the point where the defendant was denied a fair and impartial trial." The Record reflects the cross-examination of which the defendant complains was as follows:

"Q. You say you were convicted of a felony in 1967?

"A. Yes, sir.

"Q. What crime?

"A. Larceny of a person.

"Q. In Tulsa County?

"A. Yes, sir.

"Q. Do you remember the date of that conviction?

"A. February 10, 1967.

"Q. Under the same name you are using at this time?

"A. Yes, sir.

"MR. FRASIER: I will object to that question.

"THE COURT: Overruled.

"MR. FRASIER: Exception.

"Q. And what type of punishment did you receive.

"MR. FRASIER: Now then I will object to this as it is incompetent and irrelevant at this time.

"THE COURT: Overruled.

"MR. FRASIER: Merely going back to the conviction is enough.

"THE COURT: Overruled.

"MR. FRASIER: Exception, move for a mistrial.

"THE COURT: Approach the Bench.

"(Whereupon the following proceedings are had at the bench in hushed tones.)

"THE COURT: I am overruling the motion for the reason that would tend to show a strong motive for trying to avoid punishment. In other words, if he has previously been given probation the chances are he won't be again and it would be more of a reason to give false testimony and for the purpose of cross examination it is proper for impeachment purposes.

"MR. FRASIER: Okay, and you have already ruled—overruled by motion for a mistrial et cetera?

"THE COURT: Right.

"MR. FRASIER: Okay, exception.

"(Whereupon the following proceedings are had in the hearing and presence of the jury.)

"Q. You may answer, Mr. Brown.

"A. Would you repeat the question, please.

"Q. What type of punishment did you receive?

"A. Well, I was recommended to the Probation Officer and this happened in March—this happened in January, and when I came back the 10th of February I was sentenced to one year in the Oklahoma State Reformatory.

"Q. Have you been convicted of any other crime punishable by the laws of the United States, this state or any other state?

"MR. FRASIER: I will object to that question, it is an improper question, your Honor.

"THE COURT: Overruled.

"MR. FRASIER: Exception.

"A. Answer it?

"Q. Yes.

"A. Well, I have one misdemeanor conviction in this courthouse. I don't remember the charge.

"Q. Do you remember when that was?

"A. Yes, but at the time of the conviction I had been sick and in a hospital, in Eastern State Hospital, and in municipal court I have had two traffic violations, careless driving and driving without a license. I had a license but at the time I didn't have it on me and as soon as I presented my license to the judge he dismissed that.

"MR. FRASIER: I again renew my motion for a mistrial based on the question.

"THE COURT: Overruled.

"MR. FRASIER: Exception.

"Q. Was it your testimony you don't recall for what crime here in Tulsa County the misdemeanor was for?

"A. No, sir.

"Q. Or when?

"A. It was in November, I do believe.

"Q. Of this year?

"A. Of 1970.

"Q. If you heard the crime would you know it?

"MR. FRASIER: Now I will object to this.

"THE COURT: I will sustain that objection. (Tr. 85–88)

Defendant cites as authority the case of Little v. State, 79 Okl.Cr. 285, 154 P.2d 772, wherein the Court stated:

"* * * The court should not allow the County Attorney to go into detail concerning the crime for which the defendant had been formerly convicted, as

that is a collateral matter, not relevant to the crime charged and the conviction may only be inquired into for the purpose of affecting the credibility of the witness. The conviction, the name of the court in which the conviction occurred, the nature of the crime, and the date are all pertinent factors, but the details of the crime involve extraneous matters concerning which the prosecution should not inquire unless counsel for defendant on redirect examination seeks to explain the circumstances of the alleged crime for which the former conviction was sustained in order to lessen the effect of said crime on the jury in determining the credibility to be given to the witness. * * * However, these are matters which are collateral to the issues involved; i. e., the guilt or innocence of defendant of the particular crime charged, and the trial court should be extremely cautious in its limitation of the cross-examination concerning the former convictions."

Defendant argues that the trial court was not "extremely cautious in its limitation of the cross-examination" and that defendant was denied a fair and impartial trial. We cannot agree with this contention. In Webb v. State, Okl.Cr., 445 P.2d 531, dealing with a similar proposition, this Court through Judge Nix, stated:

"The defendant next contends that the trial court committed error in permitting the State to cross-examine defendant relative to the details of previous felony convictions. A close examination of the record does not sustain defendant's contention in this respect. The testimony which the defendant complains is to be found at pp. 87–89 of the casemade:

"'Q. Your testimony, Mr. Wyatt, is that you had three convictions, one for the Dyer Act, when was that?

"'(Whereupon, the following proceedings was [sic] had at the bench out of the hearing of the jury.)

"'MR. SAMARA: Let the record show that we have admitted three con-

victions and we object to the County Attorney going into detail as to any and all of these convictions. We think it is prejudicial and in error.

"'MR. FUNK: It is not the purpose of the County Attorney to go into detail, just as to the date and the conviction.

"'MR. SAMARA: Objection all through this testimony.

"'THE COURT: Objection overruled. Exceptions.

"'BY MR. FUNK: (Continuing)

"'Q. When was it that you were convicted under the charge of the Dyer Act?

"'A. No response.

"'Q. To refresh your memory, was it on or about the 11–6–47?

"'A. I believe it was.

"'MR. SAMARA: Same objection all through this testimony.

"'THE COURT: Very well.

"'MR. FUNK: (Continuing)

"'Q. How many years did you get for that?

"'A. Three years.

"'Q. Your testimony was that you were convicted of a crime in, and what was the second one?

"'A. Forgery.

"'Q. Where was that?

"'A. Grace County, Sherman, Texas.

"'MR. SAMARA: Same objection all through this testimony.

"'BY MR. FUNK: (Continuing)

"'Q. Sherman, Texas. How many years were you given for that?

"'A. Sixteen.

"'Q. Sixteen?

"'A. Yes, sir.

"'Q. Was that the original charge?

"'MR. SAMARA: Objection all through this testimony. I object to the term "charge."

" 'THE COURT: Objection sustained.

" 'BY MR. FUNK: (Continuing)

" 'Q. For which you were convicted?

" 'A. After I was in Jail they give me some more charges.

" 'Q. What?

" 'MR. SAMARA: I object to this line of testimony, this type of cross examination for the reasons heretofore given.

" 'THE COURT: The Court sustained the last objection.

" 'MR. SAMARA: All right.

" 'MR. FUNK: (Continuing)

" 'Q. And the third charge you were, what was that?

" 'A. Armed robbery.

" 'Q. From what county?

" 'A. Oklahoma County.

" 'Q. When was that?

" 'A. In '60.

" 'Q. What was the sentence?

" 'A. Ten years.

" 'MR. SAMARA: Same objection all through this testimony.

" 'THE COURT: Objection overruled.

" 'MR. SAMARA: Give us exceptions.'

"Defendant cites several cases in support of this contention of error, but all of them have to do with the State trying to illicit details of the crime with which defendant was formally convicted. Such as: 'Didn't that conviction arise out of you beating a woman with a chain'. In the instant case, we fail to see where defendant was prejudiced by said cross-examination, and think it was within rules of evidence."

We reaffirm the rule as set forth in *Little*, supra, that the trial court should be extremely cautious in its limitations of the cross-examination concerning the former convictions and not to allow the prosecuting attorney to go into details concerning the former crime or crimes. In the instant case, we decline to hold that the trial court was not "extremely cautious" in its limitations of the cross-examination. We, therefore, find this proposition to be without merit.

In conclusion, we observe the Record free of any error which would justify modification or require reversal. The judgment and sentence is affirmed.

BRETT and SIMMS, JJ., concur.