SAUL A. INFELD *v.* WILLIAM A. SULLIVAN

KING, C. J., MURPHY, ALCORN, COMLEY and SHAPIRO, Js.

Argued February 6—decided April 7, 1964

*William J. Shea, Jr.*, with whom, on the brief, was *Robert E. Courtney, Jr.*, for the appellant (defendant).

*Eugene H. Kaplan*, for the appellee (plaintiff).

COMLEY, J. The defendant admitted liability in this case. The jury returned a verdict for the plain-

tiff for compensatory damages on the first count of the complaint which alleged negligent operation of an automobile and for exemplary damages on the second count, which alleged wanton misconduct.

The defendant admitted in his answer that he ran into the motor vehicle driven by the plaintiff and that, when he did so, he was driving at an unreasonable speed and while under the influence of intoxicating liquor and was "completely to the left of the center" of the highway. The defendant further admitted that he did not stop after the collision but drove on in an attempt to evade responsibility. In addition to these admissions, the plaintiff produced witnesses who testified that, before the collision, the defendant's car swerved back and forth on the highway, that the defendant was speeding, and that he was driving in the wrong lane.

The defendant requested the court to charge the jury that the admitted acts of driving while under the influence of liquor and of evading responsibility did not constitute wanton misconduct and that they were to disregard the second count in its entirety. The court did not grant this request and, although the charge as given is not entirely clear, it is open to the construction, claimed by the defendant, that the jury were instructed to determine, as issues of fact, whether the defendant's acts, including his admitted intoxication and evasion of responsibility, amounted to wanton misconduct as defined by the court.

The defendant claims that driving while under the influence of liquor cannot be wanton misconduct because intoxication precludes the existence of the necessary state of mind, that is, one which permits a conscious choice of a course of action either with knowledge of the serious danger to others involved

in it or with knowledge of facts which would disclose this danger to any reasonable man. See *Mooney* v. *Wabrek,* 129 Conn. 302, 308, 27 A.2d 631; *Brock* v. *Waldron,* 127 Conn. 79, 83, 14 A.2d 713. There is authority outside Connecticut for this position. *Gombos* v. *Ashe,* 158 Cal. App. 2d 517, 526, 322 P.2d 933; *Russell* v. *Elkins,* 115 Ohio App. 341, 345, 177 N.E.2d 355; note, 3 A.L.R.2d 212. The contrary rule has been adopted in *Ingersoll* v. *Mason,* 254 F.2d 899, 904 (8th Cir.); *Miller* v. *Blanton,* 213 Ark. 246, 251, 210 S.W.2d 293; *Madison* v. *Wigal,* 18 Ill. App. 2d 564, 571, 153 N.E.2d 90; *Sebastian* v. *Wood,* 246 Iowa 94, 106, 66 N.W.2d 841. We prefer the latter rule as applied to the facts of this case. The defendant admitted that he was driving while under the influence of liquor. There was no evidence as to the degree of his intoxication. Driving while under the influence of liquor means, under the law of Connecticut, that a driver had become so affected in his mental, physical or nervous processes that he lacked to an appreciable degree the ability to function properly in relation to the operation of his vehicle. *State* v. *Tryon,* 145 Conn. 304, 307, 142 A.2d 54; *State* v. *Andrews,* 108 Conn. 209, 216, 142 A. 840. An operator may well be in this condition and, at the same time, be able to exercise the conscious choice which is a requisite of wanton misconduct. The court was correct, on the facts of this case, in submitting the issue of wanton misconduct to the jury as a question of fact for their determination.

The defendant also complains of the portion of the charge relating to the admitted evasion of responsibility. It is important to note that the court did not instruct the jury that the defendant's conduct after the accident might, standing alone, be considered as wanton misconduct. In the charge,

such conduct was coupled to, and joined with, the admission of drunken driving as constituting a basis for a finding of wanton misconduct.

The defendant is obviously correct in his assertion that the act of running away after an accident cannot be considered an act of wanton misconduct occurring at or before the time of the accident. But it is equally obvious that such an act, when considered in connection with other conduct of the operator which did occur at or before the time of the accident, may have an important bearing on his state of mind. *Grzys* v. *Connecticut Co.*, 123 Conn. 605, 608-610, 198 A. 259. The defendant's state of mind in this case was of particular importance because of his admitted operation while under the influence of intoxicating liquor. Surely the fact that he sped away and was finally apprehended some three miles from the scene of the accident afforded some basis for an inference that he was in a condition to exercise the conscious choice of conduct which is involved in wanton misconduct.

There is no error.

In this opinion the other judges concurred.