RITA HIGGINS ET AL. *v.* FRANCIS P. CHAMP

MARY L. STONE *v.* FRANCIS P. CHAMP

HOUSE, THIM, RYAN, SHAPIRO and LOISELLE, Js.

Argued April 7—decided May 18, 1971

*William F. Gallagher,* with whom, on the brief, was *Cyril Cole,* for the appellant (plaintiff) in each case.

*William W. Sprague,* with whom was *John R. FitzGerald,* for the appellee (defendant) in each case.

HOUSE, C. J. These two cases, combined for appeal pursuant to the provisions of Practice Book § 606, arose from the collision of two automobiles on Main Street in East Hartford about 12:20 a.m. on December 11, 1960. The defendant, Francis P. Champ, who had been driving southerly along the westerly side of Main Street, turned left to enter Brown Street. The plaintiff Mary L. Stone was operating her car in a northerly direction on Main Street and the plaintiff Rita Higgins was a passenger in her car. The cars collided and the suits followed. Both plaintiffs claimed personal injuries and, in addition, Mrs. Stone claimed damages for the destruction of her car. The defendant counterclaimed against Mrs. Stone for the damage to his car. The cases were tried to a jury and resulted in verdicts in favor of the defendant in the actions against him and a verdict in his favor on his counterclaim in the amount of $150. The plaintiffs' motions to set aside

the verdicts were denied and they have appealed from the judgments rendered on the verdicts.

The decisive issue on the combined appeals is a very narrow one. Among the numerous allegations of negligence pleaded by the plaintiffs was the allegation that the defendant at the time of the collision was operating his automobile while under the influence of intoxicating liquor in violation of the statute proscribing such conduct. In the charge to the jury the court instructed them that "there was no competent evidence" that the defendant was under the influence of intoxicating liquor and that they should disregard this particular specification of negligence. The plaintiffs duly excepted to this instruction and have included the giving of the instruction in their assignment of errors.

We test the charge by the claims of proof in the finding. *Lucier* v. *Meriden-Wallingford Sand & Stone Co.,* 153 Conn. 422, 424, 216 A.2d 818; *Shay* v. *St. Raphael Hospital,* 152 Conn. 604, 605, 210 A.2d 664. The plaintiffs offered evidence to prove and claimed to have proved these relevant facts: The investigating police officer, while speaking to the defendant in his cruiser at the scene of the accident shortly after it occurred, noted that the defendant had been drinking and smelled the odor of an alcoholic beverage on the defendant's breath. The defendant admitted to the officer that he had had a "few" alcoholic drinks. Mrs. Stone noticed a strong odor of alcohol on his breath, he seemed to be mumbling and kept repeating to the police: "Where did she come from?" The defendant was not hurt in the accident but Mrs. Stone was thrown out of her automobile onto the pavement and her passengers sustained lacerations and cuts about the face and were bleeding badly. Until the police officer

arrived the defendant remained seated behind the wheel of his car and did not see the plaintiffs although their faces were cut and bleeding and they were helped into a nearby motel.

Section 14-227a (a) of the General Statutes provides in part that "[n]o person shall operate a motor vehicle . . . while under the influence of intoxicating liquor." This statute provides a basis for relief in tort independent of that in common-law negligence and has been construed to require "that a driver had become so affected in his mental, physical or nervous processes that he lacked to an appreciable degree the ability to function properly in relation to the operation of his vehicle." *Infeld* v. *Sullivan,* 151 Conn. 506, 509, 199 A.2d 693. The problem of just how much evidence of an alleged violation of § 14-227a (a) must be adduced to require determination of the truth of the allegation by a jury in a civil action has not been decided in any of our cases. If, however, reasonable minds might differ as to the conclusion to be drawn from the evidence submitted the issue is one to be determined by the trier as a question of fact. *Smith* v. *Leuthner,* 156 Conn. 422, 425, 242 A.2d 728. Litigants have a constitutional right to have issues of fact decided by the jury; *Leary* v. *Johnson,* 159 Conn. 101, 106, 267 A.2d 658, *Bambus* v. *Bridgeport Gas Co.,* 148 Conn. 167, 169, 169 A.2d 265; and if there is evidence which will support a finding of fact on a contested issue the sufficiency of the proof must be left to the jury to determine. *State* v. *Vars,* 154 Conn. 255, 266, 224 A.2d 744.

While we do not suggest that on this record a trier of fact would be required to find a violation of the statute, we do conclude that it was error on the part of the trial court to remove that issue from the con-

sideration of the jury in the light of the claims of proof as to the behavior and speech of the defendant, that he admitted having a few alcoholic drinks, and that his breath had a strong odor of alcohol. See *Craig* v. *Dunleavy,* 154 Conn. 100, 104, 221 A.2d 855. This evidence was sufficient to require that the issue of the operation of his motor vehicle while under the influence of intoxicating liquor be submitted to the jury for decision.

The plaintiff also assigned error in an evidential ruling in which the defendant's prior consistent statement, allegedly made to his attorney, was admitted in evidence. See *Mei* v. *Alterman Transport Lines, Inc.,* 159 Conn. 307, 316, 268 A.2d 639; *Thomas* v. *Ganezer,* 137 Conn. 415, 417, 78 A.2d 539. Since we believe that on a retrial a recurrence is unlikely it is unnecessary to discuss the matter.

There is error, the judgments are set aside and new trials are ordered.

In this opinion the other judges concurred.