WALTER R. WAY *v.* EDWARD P. PAVENT

COTTER, C. J., LOISELLE, BOGDANSKI, PETERS and HEALEY, Js.

378

Argued November 9—decision released December 25, 1979

*Albert J. Callahan,* for the appellant (defendant).
*Konstant W. Morell,* for the appellee (plaintiff).

LOISELLE, J.   This action involves a collision between two motor vehicles operated, respectively, by the plaintiff and the defendant.   The jury awarded the plaintiff $43,500 in damages, less 40 percent due to a finding of comparative negligence, or $26,100.

The statements of fact in the briefs show that the following evidence was before the jury.   The two-car accident occurred on Saturday, April 20, 1974, at 9:59 p.m.   The weather was clear, the road was dry and the lighting was excellent.   The defendant was headed easterly on route 1A in the town of Waterford at about 55 miles per hour.   The plaintiff was driving westerly on this highway at about 30 miles per hour.   The plaintiff signaled his intention

to make a left turn into a driveway on the southerly side of the highway. He stopped his vehicle and, after looking both ways, he saw nothing. As he proceeded to turn into the driveway, his vehicle was struck by that of the defendant. Both drivers were seriously injured and were taken to a hospital.

On the evening of the collision, the plaintiff had been with two companions in a New London bar from approximately 6 p.m. to 9:45 p.m. The plaintiff admitted that he drank six or seven eight-ounce glasses of beer. One of his companions testified that they each had ten ten-ounce glasses of beer during that time. The other companion stated that they each had about six glasses of beer. The defendant offered no evidence to show that the plaintiff's consumption of alcohol had affected his driving.

In his special defense, the defendant pleaded as an allegation of negligence that the plaintiff "was operating his motor vehicle under the influence of liquor contrary to the motor vehicle statutes." The court instructed the jury to disregard the issue of operating under the influence of intoxicating liquor because there was insufficient evidence upon which the jury could conclude that the statute had been violated. The defendant has appealed claiming error in the ruling and in the charge.

General Statutes § 14-227a (a) provides in part: "No person shall operate a motor vehicle . . . while under the influence of intoxicating liquor . . . ." This statute "has been construed to require 'that a driver [has] become so affected in his mental, physical or nervous processes that he [lacks] to an appreciable degree the ability to function properly in relation to the operation of his vehicle.' . . . The problem of just how much evidence of an

alleged violation of § 14-227a (a) must be adduced to require determination of the truth of the allegation by a jury in a civil action has not been decided in any of our cases. If, however, reasonable minds might differ as to the conclusion to be drawn from the evidence submitted, the issue is one to be determined by the trier as a question of fact. . . . Litigants have a constitutional right to have issues of facts decided by the jury . . . and if there is evidence which will support a finding of fact on a contested issue the sufficiency of the proof must be left to the jury to determine." (Citations omitted.) *Higgins* v. *Champ,* 161 Conn. 200, 203, 286 A.2d 313 (1971).

There was no opinion evidence that the plaintiff was under the influence of intoxicating liquor at the time of the accident, but such evidence is not required if a conclusion is supported by the subordinate facts which could have been found by the jury. *Goggins* v. *Fawcett,* 145 Conn. 709, 713, 147 A.2d 187 (1958). The trier of fact need not close its eyes to matters of common knowledge solely because the evidence includes no expert testimony on those matters. Expert testimony was not required on this issue. *Toomey* v. *Danaher,* 161 Conn. 204, 210, 286 A.2d 293 (1971); *Franchey* v. *Hannes,* 155 Conn. 663, 666–67, 237 A.2d 364 (1967); *Bader* v. *United Orthodox Synagogue,* 148 Conn. 449, 454, 172 A.2d 192 (1961); *Jaffe* v. *State Department of Health,* 135 Conn. 339, 349–50, 64 A.2d 330 (1949).

It cannot be said as a matter of law that reasonable minds could not differ as to whether the plaintiff was driving while under the influence of intoxicating liquor. The evidence included testimony that the plaintiff had consumed ten ten-ounce glasses of

beer within three and three-quarter hours, fifteen minutes before the accident occurred. The plaintiff himself testified that he looked but did not see the defendant's car approaching. The weather was clear, the roadway was dry and the lighting was excellent. The issue should have been submitted to the jury.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.