STATE OF CONNECTICUT *v.* FRED KURITZ
(2684)

DUPONT, C.P.J., BORDEN and DALY, Js.

Argued January 11—decision released April 2, 1985

*Erskine D. McIntosh,* assistant public defender, with whom, on the brief, was *Joette Katz,* public defender, for the appellant (defendant).

*Susann E. Gill,* deputy assistant state's attorney, with whom, on the brief, were *John T. Redway,* state's attorney, and *Timothy J. Liston* and *John M. Massameno,* assistant state's attorneys, for the appellee (state).

DUPONT, C.P.J. After a jury trial, the defendant was convicted of the crime of injury or risk of injury to a minor child, in violation of General Statutes § 53-21. The sole issue[1] of this appeal[2] is whether the trial court erred in refusing to preclude the state from introducing into evidence a prior felony conviction of the defendant for the purpose of impeaching his credibility as a witness.[3] The prior conviction was for robbery with violence and occurred sixteen years[4] prior to this jury trial.

General Statutes § 52-145 (b) provides that a person's prior conviction of a crime may be shown for the pur-

---

[1] The defendant's amended preliminary statement of issues raised two claims of error. The second claim of error was withdrawn in his reply brief.

[2] This appeal, originally filed in the Supreme Court, was transferred to this court. General Statutes § 51-199 (c).

[3] The state offered to introduce into evidence the prior felony conviction during the defendant's cross-examination. Out of the presence of the jury, the defendant made an oral motion in limine to preclude the introduction of the evidence. The motion was denied.

[4] The state disputes the antiquity of the prior conviction, claiming it to be fourteen years old. That claim, relying on *State* v. *Hamele,* 188 Conn. 372, 384 n.7, 449 A.2d 1020 (1982), is premised on an affidavit from a records supervisor at the Connecticut correctional institution at Somers which is printed in the appendix to the state's brief. The affidavit purports to indicate that the release date of the defendant from that institution was fourteen years prior to the trial in the present case. Although we earlier denied the defendant's motion to expunge from the state's brief this affidavit and references thereto, that denial was without prejudice to our reconsideration at oral argument. We now indicate that this method of presenting evidence of the defendant's release date was improper. Such a prison record is not a court record; *Doe* v. *Manson,* 183 Conn. 183, 188, 438 A.2d 859 (1981); nor is the date of such release otherwise within the ambit of judicial notice. That evidence was not, but could and should have been, presented to the court during the trial. We, therefore, consider the age of the prior conviction to be sixteen years.

pose of affecting his credibility. The statute has been interpreted to apply solely to convictions of crimes where the punishment may be in excess of one year but even if there have been such convictions, the statute does not make them per se admissible. *State* v. *Braswell,* 194 Conn. 297, 307, 481 A.2d 413 (1984); *State* v. *Geyer,* 194 Conn. 1, 11, 480 A.2d 489 (1984). Rather, the admissibility of such convictions is subject to the trial court's discretion. *State* v. *Geyer,* supra. In exercising that discretion, the trial court must determine whether the prejudicial effect of their admission far outweighs their probative value. *State* v. *Braswell,* supra.

Appellate review of a trial court's admission into evidence of a prior conviction of a crime for the purpose of impeachment of a defendant consists of a tripartite analysis. An appellate court must examine the extent, if any, of the prejudicial impact on the defendant's cause, the magnitude of the prior crime as it impacts on the truthfulness of the defendant, and the length of time between the conviction and the admission into evidence of the prior conviction. *State* v. *Geyer,* supra, 11. These three guidelines, when used as the litmus paper of admissibility, obviously overlap.

A prior conviction of robbery with violence is inextricably interwoven with the crime of larceny and implies a lack of veracity. It, therefore, is directly relevant to a determination of the credibility of a defendant-witness. Id., 15–16 n.9; *State* v. *Jackson,* 3 Conn. App. 132, 135 n.2, 485 A.2d 934 (1984).

The essence of the defendant's claims is that his prior conviction was so remote in time that its admission had little probative value on the issue of his credibility and, correspondingly, that its admission had an enormous prejudicial effect on the determination of his credibility.

It has been held that prior conviction evidence may be introduced, without a conclusion, upon appellate review, that an abuse of judicial discretion had occurred, even though the evidence had low probative value, and was up to two decades old. *State* v. *Nardini,* 187 Conn. 513, 525, 447 A.2d 396 (1982). The issue of the present case, and its forebears, is not, however, whether the evidence had minimal probative worth, but whether its introduction was of minimal detriment to the defendant, given all of the circumstances of the trial. *State* v. *Iasevoli,* 188 Conn. 325, 327–28, 449 A.2d 996 (1982).

In *Nardini,* the court, in upholding the admission into evidence of a twenty year old conviction of the defendant, noted that the prior conviction was dissimilar from the crime with which the defendant was convicted, the prior conviction was neither serious nor degrading, and the defendant was not deterred from testifying. *State* v. *Nardini,* supra, 529. The first two of these considerations are simply another way of expressing the first standard of the *Geyer* and *Iasevoli* cases, relating to the prejudicial impact on the defendant's cause, and, therefore, on his credibility. The third yardstick of *Nardini,* whether the defendant was influenced in his decision to take the stand in his own behalf, knowing that the evidence would be introduced, could be described as being his own assessment that the introduction of the prior conviction into evidence was of minimal detriment to him, given the circumstances of his trial.

The defendant carries the burden of demonstrating that specific harm will result to him if a prior conviction is introduced into evidence to impeach his credibility as a witness. *State* v. *Braswell,* supra, 308. In the present case, the defendant advanced the sole claim at trial that the conviction to be introduced into evidence was too remote for introduction. On appeal, he

also argues that the prior crime was of a serious and degrading nature and therefore unduly influenced the jury. That claim was not distinctly raised at trial and need not be considered on appeal. Practice Book § 3063. The defendant took the stand and, therefore, the possible admission of the prior crime did not deter him from testifying. The defendant concedes that the prior crime was dissimilar from the crime which is the subject of this appeal. Under the standards of *Nardini,* the defendant therefore has no grounds for appeal.

A prior conviction which is more than ten years old[5] may, under some circumstances, retain some probative value which is minimally sufficient to overcome any marginal prejudice, and may be admissible, therefore, without a wholly unreasonable exercise of a trial court's discretion. *State* v. *Nardini,* supra, 529–30. The admission into evidence of a sixteen year old prior conviction to impeach a defendant's credibility is in the crepuscular zone of discretionary evidentiary trial court rulings. Here, the defendant has not shown that its introduction into evidence was prejudicial enough to reduce that zone to the point of where an abuse of discretion occurred.

There is no error.

In this opinion the other judges concurred.

---

[5] Federal Rule of Evidence 609 provides in pertinent part: "(b) Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect. However, evidence of a conviction more than 10 years old as calculated herein, is not admissible unless the proponent gives to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence."