## State of Connecticut *v.* Ralph Roman (3409)

Dupont, C. J., Borden and Spallone, Js.

Argued November 8, 1985—decision released February 11, 1986

*Howard I. Gemeiner,* for the appellant (defendant).

*John P. Zanini,* certified legal intern, with whom were *Carl Schuman,* assistant state's attorney, and, on the brief, *David Gold,* deputy assistant state's attorney, for the appellee (state).

Dupont, C. J. After a conviction by a jury of criminal possession of a pistol by a felon, a violation of General Statutes § 53a-217, and carrying a pistol without a permit, a violation of General Statutes § 29-35, the defendant appeals and claims that the trial court erred (1) in refusing to allow the defendant to impeach a state's witness by use of the witness' thirteen year old conviction for possession of heroin, and (2) in allowing the state to introduce evidence of a prior inconsistent statement of another witness for the state for the purpose of impeaching his credibility.

The jury could have reasonably found that the defendant was involved in an altercation with several other individuals, during which Joseph Troche was struck by a bullet which grazed his face, and that the bullet was discharged from a pistol of the defendant. The defendant had previously been convicted of burglary in the third degree and did not possess a permit for a gun at the time of the incident.

Troche subsequently named the defendant as his assailant. The evidence was conflicting as to whether the defendant actually caused the gun to discharge.[1] The defendant testified that he did not have a gun with him at the time of the altercation, although Troche testified that the defendant did have a weapon in his possession and that it was that weapon which caused Troche's injury.

Although the court did not allow the defendant to impeach Troche by use of his thirteen year old conviction for possession of heroin, it did allow the defendant to impeach him by use of three ten year old convictions for burglary in the third degree.

General Statutes § 52-145 (b) provides that conviction of a crime may be shown for the purpose of attack-

---

[1] The jury found the defendant not guilty of assault in the third degree, a violation of General Statutes § 53a-61.

ing the credibility of a witness. It has been interpreted to apply solely to those convictions the punishment for which exceeds one year. *State* v. *Braswell,* 194 Conn. 297, 307, 481 A.2d 413 (1984), cert. denied, 469 U.S. 1112, 105 S. Ct. 793, 83 L. Ed. 2d 786 (1985); *State* v. *Kuritz,* 3 Conn. App. 459, 461, 489 A.2d 1053 (1985). A trial court has discretion in deciding whether such a conviction should be used for purposes of impeachment. *State* v. *Braswell,* supra; *State* v. *Nardini,* 187 Conn. 513, 521, 447 A.2d 396 (1982). A conviction is not per se admissible. *State* v. *Kuritz,* supra. In evaluating whether a conviction should be admitted for impeachment purposes, three primary factors are taken into consideration: (1) the extent of the prejudice likely to arise; (2) the significance of the commission of the particular crime in indicating untruthfulness; and (3) the remoteness in time of the conviction. *State* v. *Geyer,* 194 Conn. 1, 11, 480 A.2d 489 (1984). These factors are not to be weighed as though they were in mathematical equipoise. *State* v. *Nardini,* supra, 528.

In this case, the two most important factors governing the trial court's discretion were the significance of the particular crime in indicating untruthfulness and the remoteness in time of the conviction. Although a narcotics offense, such as Troche's conviction for possession of heroin, reflects adversely on the general character of a witness, it has no direct materiality in determining the credibility of a witness. The relevance of this conviction to veracity should be contrasted with convictions for crimes involving dishonesty or false statement, such as perjury, which obviously bear on the credibility of a witness. See *State* v. *Geyer,* supra, 12–13; 3 Weinstein & Berger, Weinstein's Evidence, Rule 609, p. 74 n.19. The probative value of a conviction in determining the credibility of a witness is related to the span of time between the conviction and the proferred testimony. See generally, Tait & LaPlante,

Connecticut Evidence § 7-21 (1985 Sup.) It is a rare prior conviction which is more than ten years old which retains the minimal probative value sufficient to overcome its prejudice. See *State* v. *Kuritz,* supra, 463. Due to its minimal probative value in determining the capacity of the witness for truthfulness and due to its remoteness in time,[2] the heroin conviction of the witness was properly excluded by the trial court.

The second claim of error made by the defendant is that the trial court erred in allowing the state to introduce extrinsic evidence of a prior statement made by another witness of the state regarding the events of the night of the incident as recounted to him by the defendant. The witness testified on direct examination that the defendant had admitted to being at the scene with a gun, testimony which the witness denied on cross-examination. On redirect examination, he denied that

---

[2] Federal Rule of Evidence 609 (b) provides that evidence of a conviction is generally not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is later. In *State* v. *Nardini,* 187 Conn. 513, 447 A.2d 396 (1982), the Supreme Court established the ten year age of the prior conviction, as embodied in Rule 609 (b) of the Federal Rules of Evidence, as a "rough bench mark in deciding whether trial court discretion has been abused . . . ." Id., 526. In a subsequent case, the court, in dictum, referred to the fact that it is the defendant's release date from his conviction rather than the conviction date which is relevant to a determination of remoteness. *State* v. *Hamele,* 188 Conn. 372, 384 n.7, 449 A.2d 1020 (1982), citing *State* v. *Nardini,* supra, 525. Since this dictum is based on Nardini's choice of the federal rule as a "rough bench mark," the release date from a conviction may not be the proper time gauge for measuring remoteness. Indeed, it is difficult to conceive of a rationale for measuring the conviction from the date of release from confinement, since such a measurement would mean that, as to judgments of conviction more than ten years old, the longer the sentence served the more likely it would be that the conviction would be deemed admissible. The period of confinement for a felony would rarely be relevant to the issue of the witness' general credibility. See *State* v. *Cosby,* 6 Conn. App. 164, 170, 504 A.2d 1071 (1986); see also *State* v. *Kuritz,* 3 Conn. App. 459, 460 n.4, 489 A.2d 1053 (1985).

he had stated to an investigator for the state's attorney's office that the defendant had admitted he had a gun at the scene.

Faced with this contradictory testimony, the state produced evidence in the form of testimony by the investigator regarding a conversation involving the investigator, the witness, and the state's attorney in which the witness stated that the defendant had admitted to having a gun. Defense counsel objected to the introduction of the testimony on the grounds that the state was attempting to impeach its own witness and that the state's attorney was interjecting his own credibility into the case.[3] These objections were overruled by the trial court and the evidence was admitted.[4]

While a party generally may not impeach its own witness by use of a prior inconsistent statement, it may do so upon a showing of hostility, surprise or deceit. *State* v. *McCarthy,* 197 Conn. 166, 177, 496 A.2d 190 (1985). The admissibility of such a statement rests within the discretion of the trial court. *State* v. *McCarthy,* supra. Even if surprise is lacking, the trial court retains its discretion to allow the introduction of the prior inconsistent statement where the witness fails to testify in substantial accord with it. *State* v. *McCarthy,* supra; *State* v. *Roberson,* 173 Conn. 97, 376 A.2d 1089 (1977); *Plawecki* v. *Angelo Tomasso, Inc.,* 1 Conn. App. 48, 51–52, 467 A.2d 944 (1983), cert. denied, 192 Conn. 801, 470 A.2d 1218 (1984).

The testimony of the investigator did not involve a collateral issue since his recall of the statement made

[3] The contention of the defendant at the conclusion of his brief that the admission of the investigator's testimony constituted the improper admission of double hearsay is not considered because this claim was not raised in the trial court. See Practice Book § 3063.

[4] The court instructed the jury that the testimony of the investigator was to be used for the sole purpose of testing the truth of the testimony of the witness.

to him by the defendant as to the defendant's possession of a gun at the time of the incident was central to crucial facts involved in the elements of the crimes with which the defendant was charged.

There is no error.

In this opinion the other judges concurred.