[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING ON MOTION TO SUPPRESS
The defendant, who is charged with operating a motor vehicle under the influence of alcohol, has filed a motion to suppress pursuant to Practice Book sec. 820, General statutes sec. 54-33f, and various provisions of the United States and Connecticut constitutions. After an evidentiary hearing, the Court finds the following facts. At about 1:37 a.m. on May 13, 1997, Trooper James E. Smith of the Connecticut State Police received a report of a suspicious vehicle in the Woodchuck Hill Road area of Canterbury. The trooper, who was about three and one-half miles north of the area at the time, observed a vehicle traveling southbound on Water Street take a right turn onto Bingham Street. The trooper followed the vehicle onto Bingham Street, where he observed the defendant make a left turn into a driveway. Thinking this behavior was evasive, although, as he admitted, not in CT Page 2538 violation of any motor vehicle laws, the trooper pulled into the next driveway down the street, turned around and began approaching the suspect vehicle. The trooper at some point observed two people in the suspect vehicle. As the trooper's vehicle started slowing up on the roadway near the driveway into which the suspect vehicle had pulled, the defendant backed out part way of the driveway and then pulled back in. The trooper pulled up just before the driveway and stopped there. At no time during this incident did the trooper have his emergency lights or siren engaged, issue any verbal commands to the defendant, or block the defendant's egress from the driveway.
Trooper Smith then exited his vehicle and approached the driver's side of the suspect vehicle. He observed that the driver, who the parties agree was the defendant Rand Perry, looked disheveled, had a strong odor of alcohol on his breath, and spoke in a slurred manner. The defendant stated that he was dropping off a friend. The defendant had difficulty finding his license and registration. The defendant first stated that he had not been drinking, then stated that he had had two glasses of wine and a beer. The trooper then asked the defendant to submit to field sobriety tests. The defendant performed poorly on the horizontal gaze nystagmus test, jumbled numbers on a finger counting test, and also initially jumbled letters on an alphabet test. In the trooper's opinion, the defendant was under the influence of alcohol. The trooper then placed the defendant under arrest and the defendant subsequently submitted to various blood alcohol tests.
The defendant moves to suppress all evidence, including observations, statements, field tests, and chemical tests, obtained by the trooper after he approached the defendant's vehicle. The defendant initially claims that there was no reasonable suspicion that would have justified stopping the defendant in the driveway off Bingham Street. This Court need not address whether reasonable suspicion existed because it finds that the trooper did not at that time stop or, in constitutional terms, seize the defendant within the meaning of the state or federal constitutions.
Our Supreme Court has adopted a definition of "seizure" under the state constitution that is somewhat broader than that employed by the United States Supreme Court under the federal constitution. "A person [is defined] as `seized' under our state constitution when by means of physical force or a show of CT Page 2539 authority, his freedom of movement is restrained . . . In determining whether a seizure has occurred, so as to invoke the protections of our state constitution . . . a court is to consider whether in view of all the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave . . . Whether there has been such a seizure in an individual case is a question of fact." State v. Hill,237 Conn. 81, 87 n. 10 (1996) (internal quotations omitted). "The mere approach by a police officer, either in a police car or on foot, does not alone constitute a show of authority sufficient to cause the subject of the officer's attention reasonably to believe that he or she is not free to leave." Id. at 91. Cf. California v.Hodari D., 499 U.S. 621, 626 (1991) (seizure under federal law requires either "physical force . . . or . . . submission to the assertion of authority.") (emphasis added).
In the present case, Trooper Smith did not exercise any "physical force or . . . show of authority" to stop the defendant. Id. at 87. Here, as in State v. Hill, 237 Conn. at 89, an officer pulled his vehicle up to the defendant's location, but "he never turned on his emergency lights, loudspeaker or siren, . . . he did not order the defendant to stop . . . and . . . he did not display a weapon." Id. Nor did the trooper block the defendant's car. Cf. State v. Martin, 2 Conn. App. 605, 607-12A (1984), cert. denied, 195 Conn. 802, cert. denied,472 U.S. 1009 (1985). Essentially, the defendant stopped himself. Seealso United States v. Kim, 25 F.3d 1426, 1430-31 (9th Cir.),cert. denied, 115 S.Ct. 607 (1994) (no seizure when DEA agent came upon defendant's already parked car and requested identification and permission to question, even though agent partially blocked defendant's egress from car). Under these circumstances, the Court concludes that, under both the state and the federal constitutions, the defendant was not seized when the trooper approached the defendant's car in the driveway. Therefore the State need not show that the trooper had a reasonable suspicion in doing so.[1]
Of course, there can be no dispute that, when the trooper eventually placed the defendant under arrest, probable cause was necessary. The defendant's slurred speech, alcoholic breath, disheveled appearance, difficulty in finding his license and registration, admissions to having been drinking, and poor performance on the field sobriety tests, as well as the trooper's opinion at the time that the defendant was under the influence, when viewed in the entirety, provided ample probable cause to CT Page 2540 arrest for operating under the influence. See State v. Stevens,26 Conn. App. 805, 811 (1992), aff'd on other grounds,224 Conn. 730 (1993); Higgins v. Champ, 161 Conn. 200, 203-04 (1971).
The motion to suppress is denied.
Carl J. Schuman Judge, Superior Court