STATE OF CONNECTICUT *v*. ARTHUR LUSTER
(AC 17120)

Foti, Lavery and Schaller, Js.

Argued March 16—officially released June 2, 1998

*Deborah Krauss Snyder*, special public defender, for the appellant (defendant).

*Denise B. Smoker*, assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, *Mary H. Lesser*, former assistant state's attorney, and *James Dinnan*, assistant state's attorney, for the appellee (state).

*Opinion*

FOTI, J. The defendant, Arthur Luster, appeals from the judgment of conviction, rendered after a jury trial, of burglary in the first degree in violation of General Statutes § 53a-101 (a) (2), unlawful restraint in the first degree in violation of General Statutes § 53a-95 (a) and assault of a victim sixty years of age or older in the third degree in violation of General Statutes § 53a-61a.[1] On appeal, the defendant claims that the trial court improperly (1) admitted evidence of his prior felony

---

[1] The defendant was found not guilty of one count of attempted sexual assault in the first degree in violation of General Statutes §§ 53a-49 (a) (2) and 53a-70 (a) (1).

convictions and (2) denied him his right to a unanimous verdict on the charge of burglary in the first degree. The defendant also claims that the evidence was insufficient to sustain his conviction of unlawful restraint in the first degree. We affirm the judgment of the trial court.

The jury reasonably could have found the following facts. On February 6, 1996, the victim, a seventy year old woman, lived with her granddaughter in an apartment at 84B Brookside Avenue in New Haven. The defendant, who is the victim's son-in-law and the stepfather of her granddaughter, entered the victim's home unlawfully at approximately 3 a.m., proceeded to the victim's bedroom and jumped on her. The defendant pulled and hit the victim, who screamed and defended herself with her hands and legs. The defendant was still on top of the victim when the victim's granddaughter entered the bedroom holding a broom handle and knife. The victim's granddaughter recognized the defendant as her stepfather and exclaimed "Oh, daddy." When the defendant saw her, he got off the victim and left the apartment. The defendant exited the apartment through the kitchen door located at the rear of the apartment, which had been locked when the victim had gone to bed. After the defendant left the apartment, the victim discovered that a window in the kitchen, which had been closed but not locked when the victim had gone to bed, was open. The defendant, who had never been to the victim's apartment prior to February 6, 1996, had known the victim for approximately eighteen years.

I

The defendant first claims that the trial court improperly admitted into evidence, for purposes of impeachment, two prior larceny convictions that were over ten years old. The defendant argues that the prior larceny convictions were seventeen years old and should have

been excluded on the basis of remoteness and because the prejudicial effect of this evidence greatly outweighed its probative value as to the defendant's credibility.

The facts relevant to this claim are as follows. Prior to trial, the defendant filed a motion in limine seeking to preclude the state from introducing evidence of his prior felony convictions for impeachment purposes. In his motion, the defendant claimed that his convictions of larceny in the second degree in 1979, and of assault in the second degree and larceny in the second degree in 1980, were remote in time and that "[g]iven the age of the defendant at the time they lack any probative value as to truthfulness at this trial." The trial court granted the defendant's motion as to the assault conviction but denied the motion as to the larceny convictions. On direct examination, the defendant admitted that he had been convicted of larceny in 1979 and 1980, and stated that he was presently thirty-five years old. The state, on cross-examination, elicited testimony from the defendant that both convictions were felonies. The state did not mention the defendant's prior convictions during its initial or rebuttal closing arguments to the jury. The defendant's counsel, however, referred to the convictions during his final argument to the jury. The trial court properly instructed the jury that they could consider the defendant's prior convictions only for the purpose of determining the defendant's credibility.

"The credibility of a witness may be attacked by introducing the witness' conviction of a crime if the maximum penalty for that conviction is imprisonment exceeding one year. See General Statutes § 52-145 (b); *State* v. *Braswell*, 194 Conn. 297, 307, 481 A.2d 413 (1984), cert. denied, 469 U.S. 1112, 105 S. Ct. 793, 83 L. Ed. 2d 786 (1985). . . . Three factors have usually been identified as of primary importance in considering whether a former criminal conviction is to be admitted:

(1) the extent of the prejudice likely to arise; (2) the significance of the commission of the particular crime in indicating untruthfulness; and (3) its remoteness in time. *State* v. *Nardini*, 187 Conn. 513, 522, 447 A.2d 396 (1982). We will not disturb the trial court's determination as to the admissibility of a prior conviction to impeach a witness absent an abuse of discretion." (Citation omitted; internal quotation marks omitted.) *State* v. *Webb*, 37 Conn. App. 722, 731–32, 657 A.2d 711, cert. denied, 234 Conn. 915, 660 A.2d 357 (1995).

We have held that it is within the trial court's discretion to admit a prior conviction that is more than ten years old where the conviction has special significance on the issue of the defendant's veracity. See *State* v. *Irving*, 27 Conn. App. 279, 290–91, 606 A.2d 17, cert. denied, 222 Conn. 907, 608 A.2d 694 (1992). Crimes that by their very nature indicate dishonesty or the tendency to make false statements fall within a category of prior convictions admissible for impeachment purposes. *State* v. *Geyer*, 194 Conn. 1, 12, 480 A.2d 489 (1984). Crimes involving larcenous intent "obviously bear heavily on the credibility of one who has been convicted of them. The probative value of such convictions, therefore, may often outweigh any prejudice engendered by their admission." Id. "[T]he primary responsibility for conducting the prejudicial-probative balancing test rests with the trial court, and its conclusion will be disturbed only for a manifest abuse of discretion . . . or where injustice appears to have been done." (Citations omitted; internal quotation marks omitted.) *State* v. *Faria*, 47 Conn. App. 159, 173, 703 A.2d 1149 (1997), cert. denied, 243 Conn. 965, 707 A.2d 1266 (1998).

"[I]t was within the discretion of the trial court to admit the defendant's prior convictions because it determined that their probativeness as to the defendant's veracity sufficiently outweighed any prejudice." *State* v. *Webb*, supra, 37 Conn. App. 732. Clearly, the

two prior convictions admitted by the trial court in this case reflected crimes of larcenous intent and were probative of the defendant's veracity. In addition, the prior convictions involved crimes that significantly differed from the crimes charged and bore heavily on the defendant's credibility. See id.

We conclude that the trial court did not abuse its discretion in admitting evidence of the defendant's two larceny convictions that were more than ten years old.

## II

The defendant next claims that the trial court improperly refused to instruct the jury that to convict the defendant of burglary in the first degree, it must unanimously agree that the defendant intended to commit either assault or sexual assault when he unlawfully entered the victim's building.[2]

In the first count of the information, the defendant was charged with burglary in the first degree in violation of § 53a-101 (a) (2). The state alleged that "on or about the 6th day of February, 1996, at approximately 3:15 a.m., at 84B Brookside Avenue, the said [defendant] entered unlawfully in a building with intent to commit a crime therein (to wit: assault or sexual assault), and in the course of committing the offense, the said [defendant] knowingly inflicted or attempted to inflict bodily injury on another person . . . ."

The defendant filed a written request to charge in which he asked the court to instruct the jury as follows: "When the State charges a theory of the commission of a crime in any of several alternatives as it has done

---

[2] Although the jury was unanimous in convicting the defendant of assault of a victim sixty years of age or older in the third degree and acquitting him of attempted sexual assault in the first degree, the defendant's claim would require that the jury also be unanimous as to the defendant's intent at the time he entered unlawfully into the victim's building.

in the first count, then it is required that the jury reach a unanimous verdict on at least one of those alternatives. In the first count, an element is that the defendant unlawfully entered a building with intent to commit a crime therein. The alleged crime is assault or sexual assault. In order to find the defendant guilty of this charge you must unanimously agree on one or the other of these alternatives. If you cannot, then your verdict should be not guilty."

The court did not give the instruction requested by the defendant, but rather, read both the information and the first degree burglary statute and then instructed the jury as to the three elements the state had to prove beyond a reasonable doubt. The court charged that the state must prove beyond a reasonable doubt that the defendant (1) entered unlawfully into a building, (2) had, at the time of his unlawful entry into a building, the intent to commit a crime in that building, in this case an assault or a sexual assault and (3) in the course of committing the offense of burglary, knowingly inflicted or attempted to inflict bodily injury on the victim. The court also instructed the jury that the state had to prove beyond a reasonable doubt that the defendant had the intent to commit one or both of the offenses of sexual assault or assault.

Our review of the trial court's instruction leads us to conclude that it did not sanction a nonunanimous verdict simply because the jury was not required to agree unanimously as to the nature of the crime the defendant intended to commit at the time he entered unlawfully into the victim's building. "In situations where 'the alternatives of the mens rea [intent] component give rise to the same criminal culpability, it does not appear critical that the jury may have reached different conclusions regarding the nature of the defendant's intent if such differences do not reflect disagreement on the facts pertaining to the defendant's conduct.' *State* v. *Suggs*,

209 Conn. 733, 763, 553 A.2d 1110 (1989). Here, the precise nature of the defendant's intent does not implicate any lack of unanimity regarding the defendant's conduct." *State* v. *Marsala*, 43 Conn. App. 527, 539, 684 A.2d 1199 (1996), cert. denied, 239 Conn. 957, 688 A.2d 329 (1997).

In the present case, the alternatives (i.e., intent to commit assault or intent to commit sexual assault) refer to the mens rea component of the offense of burglary in the first degree, and either alternative gives rise to the same criminal culpability. It does not matter, therefore, that the jury may have reached different conclusions regarding the nature of the defendant's intent at the time he entered unlawfully into the victim's building.[3] We conclude that because the alternatives relied on by the state to satisfy the mens rea component of the offense of burglary in the first degree give rise to the same criminal culpability, unanimity regarding the defendant's intent was not required and the trial court properly instructed the jury.

### III

The defendant's final claim is that the evidence was insufficient to sustain his conviction of unlawful restraint in the first degree.[4]

---

[3] In support of his unanimity claim, the defendant argues that to satisfy the mens rea component of the offense of burglary in the first degree, the state presented evidence that the defendant (1) assaulted the victim and (2) attempted to assault her sexually. This argument is without merit. Although the state presented evidence that the defendant assaulted the victim and that he attempted to assault her sexually, this evidence was offered as to the separate offenses of assault in the third degree of a victim sixty years of age or older and attempted sexual assault in the first degree, rather than to satisfy the mens rea component of the offense of burglary in the first degree.

[4] General Statutes § 53a-95 (a) provides: "A person is guilty of unlawful restraint in the first degree when he restrains another person under circumstances which expose such other person to a substantial risk of physical injury."

We employ a two part analysis when reviewing sufficiency of the evidence claims. "First, we construe the evidence in the light most favorable to sustaining the verdict. . . . Second, we determine whether, from that evidence and all the reasonable inferences which it yields, a [jury] could reasonably have concluded that the defendant was guilty beyond a reasonable doubt. . . . In this process of review, it does not diminish the probative force of the evidence that it consists, in whole or in part, of evidence that is circumstantial rather than direct." (Citation omitted; internal quotation marks omitted.) *State* v. *Laws*, 37 Conn. App. 276, 281, 655 A.2d 1131, cert. denied, 234 Conn. 907, 659 A.2d 1210 (1995).

"Persons are 'restrained' when their movements are intentionally restricted so as substantially to interfere with their liberty, either (1) by moving them from one place to another, or (2) by confining them either to the place where the restriction commences or to the place where they have been moved without their consent. General Statutes § 53a-91 (1)." *State* v. *Sinchak*, 47 Conn. App. 134, 139, 703 A.2d 790 (1997), cert. granted on other grounds, 243 Conn. 964, 707 A.2d 1266 (1998).

The defendant argues that because the victim "was able to resist [the defendant], to push him away some, and to jump, stand or sit up . . . [she] was not confined, and there was no unlawful restraint." The defendant claims that "evidence of restriction of movement . . . does not exist in this case." We do not agree.

The record contains evidence that the elderly victim struggled with and resisted the defendant, who was on top of her and using force to keep her in the bed. Furthermore, the evidence presented during the trial clearly demonstrated that it was only when the defendant voluntarily removed himself from the victim, after his stepdaughter entered the bedroom, that the victim

was freed of her restriction on the bed. The jury, therefore, reasonably could have concluded that the victim was restricted in her movements in a manner that interfered with her liberty. We conclude that the evidence was sufficient to support the defendant's conviction of unlawful restraint in the first degree.

The judgment is affirmed.

In this opinion the other judges concurred.