[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO SET ASIDE VERDICT
Before the court is the defendant's motion to set aside the verdict in which he contends that the court erred in refusing to allow the defendant to introduce evidence of the plaintiff's conviction of a crime for impeachment purposes and that the court improperly instructed the jury in its supplemental charge.
 FACTS
On June 25, 1999, the plaintiff, Lamar Johnson, and the defendant, Otis Paramore, were involved in a motor vehicle accident in Bridgeport, Connecticut. On February 16, 2000, the plaintiff filed a single count complaint against the defendant, alleging that the defendant's negligence caused the accident, and therefore, the plaintiff's injuries. The jury trial of this case began October 18, 2001, and the plaintiff testified the first day of the trial. On the last day of the trial, October 23, 2001, the defendant sought to recall the plaintiff to the stand in order to introduce evidence that plaintiff had previously been convicted of a crime.[1] The plaintiff objected, and the court sustained the objection, finding that the prejudice this evidence would have to the plaintiff far outweighed its probative value. On October 24, 2001, the jury found in favor of the plaintiff, awarding him damages in the amount of $52,618. The defendant filed this motion to set aside the verdict and an accompanying memorandum of law on November 1, 2001.
 DISCUSSION
"The trial court has the inherent power to set aside a jury verdict which, in the court's opinion, is either against the law or the evidence. . . . The decision to set aside the verdict involves the CT Page 5595 exercise of a broad discretion in the trial court, which, in the absence of clear abuse, will not be disturbed and, in reviewing the exercise of that discretion, every reasonable presumption should be indulged in favor of its correctness. . . . Litigants, however, have a constitutional right to have a jury and not the court decide issues of fact as to which reasonable people may reach different conclusions. . . . Thus, the role of the trial court on a motion to set aside the jury's verdict is not to sit as [an added] juror, but, rather, to decide whether, viewing the evidence in the light most favorable to the prevailing party, the jury could have reasonably reached the verdict that it did." (Citations omitted; internal quotation marks omitted.) Hunt v. Prior, 236 Conn. 421,428 n. 21, 673 A.2d 514 (1996).
The defendant asserts that the verdict in favor of the plaintiff should be set aside because the court erred in refusing to allow the defendant to introduce that the plaintiff had been convicted of a crime in order to impeach his credibility. The defendant contends that both General Statutes § 52-178 as well as the Connecticut Code of Evidence § 607,[2] support his argument. The defendant claims additionally that the verdict should be set aside because the court instructed the jury incorrectly as to the facts in its supplemental instruction.
General Statutes § 52-178 states, in pertinent part: "A party to a civil action . . . May compel any adverse party . . . to testify as a witness in his behalf, in the same manner and subject to the same rules as other witnesses . . . [and] may examine such party to the same extent as an adverse witness." General Statutes § 52-145 further states: "A person shall not be disqualified as a witness in any action because of . . . his conviction of a crime. . . . [H]is conviction of crime may be shown for the purpose of affecting his credibility."
The Connecticut Code of Evidence, § 6-4[3] states, in pertinent part: "The credibility of a witness may be impeached by any party. . . ." Section 6-7 governs the admissibility of evidence of conviction of a crime, and states: "For the purpose of impeaching the credibility of a witness, evidence that a witness has been convicted of a crime is admissible if the crime was punishable by imprisonment for more than one year. In determining whether to admit evidence of a conviction, the court shall consider: (1) the extent of the prejudice likely to arise, (2) the significance of the particular crime in indicating untruthfulness, and (3) the remoteness in time of the conviction."
"The trial court must undertake a balancing test to determine if the probative value of the prior convictions outweighs any prejudicial impact. This balancing of intangibles — probative values against [prejudicial] dangers — is so much a matter where . . . judges in CT Page 5596 particular situations may differ that a lee-way of discretion is generally recognized." (Internal quotation marks omitted.) State v. Harrell,199 Conn. 255, 262, 506 A.2d 1041 (1986).
"Three factors have usually been identified as of primary importance in considering whether a former criminal conviction is to be admitted: (1) the extent of the prejudice likely to arise; (2) the significance of the commission of the particular crime in indicating untruthfulness; and (3) its remoteness in time." (Internal quotation marks omitted.) State v.Luster, 48 Conn. App. 872, 875-76, 713 A.2d 277, cert. denied,246 Conn. 901, 717 A.2d 239[4](1998).
The first consideration the court must undertake is the probative value of the plaintiff's prior conviction. "Prior convictions that are admissible for impeachment purposes may be segregated into two general categories. First are those crimes that by their very nature indicate dishonesty or tendency to make false statements. The second category encompasses convictions for crimes that although not reflecting directly on one's credibility, show a general predisposition towards evilness and thus support an inference of readiness to lie." State v. Aponte,50 Conn. App. 114, 127, 718 A.2d 36 (1998), rev'd in part on other grounds, 249 Conn. 735, 738 A.2d 117 (1999). "[C]rimes involving larcenous intent imply a general disposition towards dishonesty and convictions for this type of crime obviously bear heavily on the credibility of one who has been convicted of them. The probative value of such convictions, therefore, may often outweigh any prejudice engendered by their admission." (Internal quotation marks omitted.) State v.Harrell, supra., 199 Conn. 263. "Acts of deceit, fraud, cheating or stealing are regarded as conduct that reflects adversely on a witness' honesty and integrity." State v. Aponte, supra., 50 Conn. App. 127.
In this case, the plaintiff's conviction in this case was for a narcotics related offense. "Although a narcotics offense . . . reflects adversely on the general character of a witness, it has no direct materiality in determining the credibility of a witness. The relevance of this conviction to veracity should be contrasted with convictions for crimes involving dishonesty or false statement, such as perjury, which obviously bear on the credibility of a witness." State v. Roman,6 Conn. App. 189, 191, 504 A.2d 529 (1986). "[N]arcotics convictions are crimes which do not reflect directly on the credibility of one who has been convicted of them." (Internal quotation marks omitted.) State v.Dobson, 221 Conn. 128, 138, 602 A.2d 977 (1992).
The defendant contends that he should have been allowed to present this evidence to the jury because, in this case, the credibility of the parties was so much in issue. The plaintiff was not, however, convicted of CT Page 5597 a crimin falsii, which would reflect directly on his credibility, and thus, be highly probative. He was convicted of a narcotics crime, which, while probative as to his character, is not directly related to his credibility, and therefore, has less probative value. As stated by the Appellate Court "The [narcotics] convictions had minimal probative value in determining credibility, or in determining any issue in the case . . . and [were] prejudicial. Even if the convictions are viewed as relevant to the general bad character of the plaintiff . . . they showed little about the plaintiff's disposition to lie. . . ." Thomas v. Rose,10 Conn. App. 71, 72, 521 A.2d 597 (1987). The plaintiff's narcotics-related conviction has very low probative value to show his credibility as witness in the case.
The court must then turn to the issue of the prejudice which may occur to the plaintiff should this conviction be admitted. As noted previously, a narcotics convictions reflects adversely on the character of the witness. See State v. Roman, supra. Therefore, the prejudicial effect of this evidence outweighs its minimal probative value.
With respect to the defendant's claim that the court incorrectly instructed the jury regarding plaintiff's testimony in the court's supplemental instructions, the court is not persuaded that any error it made with respect to the facts mislead the jury. Since the charge must be considered as a whole, it must be pointed out that the court instructed the jury that if its recollection of the facts differed from that of the jury, it would be the jury's recollection which controlled.
The defendant has not shown that the court abused its discretion in refusing to allow this evidence, and has failed to show that he suffered any prejudice or injustice as a result. In addition, the defendant has not shown that the court's supplemental instruction to the jury affected the outcome of the case. Therefore, the motion to set aside the verdict on this basis is denied.
____________________ GALLAGHER, J.