STATE OF CONNECTICUT *v.* ALBERT GEYER
(11503)

SPEZIALE, C. J., PETERS, HEALEY, SHEA and GRILLO, Js.

Argued April 10—decision released July 24, 1984

1

*Bruce A. Sturman,* assistant public defender, for the appellant (defendant).

*Julia D. Dewey,* assistant state's attorney, with whom, on the brief, were *Arnold Markle,* state's attorney, *Patrick Clifford,* assistant state's attorney, and *Elbert N. Gates,* legal intern, for the appellee (state).

SPEZIALE, C. J. The defendant was convicted by a jury of the crime of possession of a narcotic substance with intent to sell or dispense, General Statutes § 19-480 (a). He has appealed from the judgment claiming, inter alia, that the trial court erred in denying the defendant's motion in limine thereby allowing the state to mention specific prior felonies of which the defendant had been convicted. We find error.

The jury were presented with conflicting testimony from the principal witnesses for each side. Officers Robert L. Cappiello and Edward Clough, of the New Haven police department, testified for the state in its case-in-chief as follows: On May 22, 1980, the officers entered the Bama Lounge in New Haven with a search warrant for the defendant's person. As they entered they observed the defendant seated alone at a table on a raised platform at the front of the lounge, approximately ten to fifteen feet from the officers. As the officers announced their presence and displayed police identification both observed the defendant drop a vial on the floor. The officers immediately secured the vial from the floor and searched the defendant. The vial contained eighteen foil packets, each containing a small amount of white powder. Cappiello then conducted a field test on the white powder which indicated that the substance was cocaine. The officers then placed the defendant under arrest. No other narcotics were found.[1]

---

[1] Abraham Stolman, chief toxicologist for the Connecticut department of health, testified for the state. He testified that he and persons under

The defendant took the stand in his own behalf. He agreed with much of the police officers' testimony about the arrest. He disputed, however, their testimony that he dropped the vial containing the cocaine packets on the floor. The defendant testified that he had no knowledge of the vial's existence until Clough picked it up from the floor. He stated that upon entering the lounge Cappiello approached and searched him but found no contraband. The defendant testified that Cappiello then turned to Clough and said "He is clean, what do I do now?" According to the defendant, Clough then began searching the floor and, after a few moments, arose with the vial in his hand.

In response to the assistant state's attorney's cross-examination the defendant again averred that he knew nothing of the vial or its contents until Clough picked it up from the floor. When the assistant state's attorney pointed out the discrepancy between his testimony and that of the police officers the defendant stated that the officers were lying when they said that they saw him drop the vial to the floor.[2]

The defendant had previously been convicted on several different occasions for felony violations. In 1966 he was convicted of possession of heroin; in 1970 he was convicted of violation of the state narcotics and drug act; in 1973 he was convicted of sale of heroin, and in separate incidents, assault in the second degree

---

his supervision had tested a random sample of ten of the eighteen packets seized by the officers. He stated that the powder contained in each packet tested was found to be cocaine, an illegal narcotic substance. Stolman also testified that the average weight of the powder contained in each of the ten packets tested was 1.98 grams.

[2] The relevant portion of the cross-examination was as follows:

"Q. You heard the police testify here yesterday and the police are lying?

"A. Is that what you want me to say? Can I say that? They are lying straight up and down.

"Q. You are telling the truth?

"A. That's what I'm doing."

and carrying a pistol without a permit; and in 1978 he was convicted of possession of a narcotic substance. Before putting on his defense the defendant filed a motion in limine to prohibit the state from introducing evidence of his prior convictions.[3] At a hearing on the motion the assistant state's attorney indicated that if the defendant were to testify, the state intended to introduce all of the prior convictions for impeachment purposes. The assistant state's attorney also stated that the state might try to introduce the 1973 conviction for sale of heroin during its case-in-chief, as evidence of the defendant's intent to sell the narcotics that he allegedly possessed.

The trial court granted that portion of the defendant's motion relating to the 1973 convictions for assault and carrying a pistol without a permit. It ruled that the assistant state's attorney could only mention that the defendant had been convicted of felonies, but could not relate the specific crime involved. The trial court denied that portion of the motion pertaining to prior narcotics convictions, and the defendant duly excepted. In explaining its ruling to counsel the trial court indicated that the scope of questioning by the state on the narcotics charges would be addressed at the time the state chose to introduce those convictions. The assistant state's attorney agreed that he would warn the court before exploring the narcotics charges.

Because the trial court had denied his motion in limine with respect to the prior narcotics convictions, on direct examination the defendant testified that he had been convicted of narcotics violations in 1966, 1973, and 1978 and that the 1973 conviction involved the sale

[3] In his written motion the defendant referred only to the 1966 and 1973 convictions because defense counsel had not been made aware of the other convictions. The other convictions were explained to the trial court by the assistant state's attorney during argument on the motion, however, and the court denied the defendant's motion as it pertained to them.

of heroin. Although the assistant state's attorney had promised to notify the trial court before mentioning the defendant's prior narcotics convictions, he did not do so. On cross-examination the assistant state's attorney immediately questioned the defendant about the convictions in 1973 and 1978. Near the close of cross-examination, after the defendant testified that the arresting officers had lied during their testimony, the assistant state's attorney questioned the defendant about the narcotics convictions of 1966 and 1970 and again raised the convictions of 1973 and 1978. He also asked the defendant if he had been convicted of "two other felonies" in 1973; the defendant responded that he had. In each instance the assistant state's attorney asked only if the defendant had been convicted of the charge. He did not inquire about the circumstances surrounding the conviction or arrest.

On appeal the defendant claims, inter alia, that the trial court erred in denying his motion in limine as it related to prior narcotics convictions.[4] He argues that the trial court should have permitted the state to mention only that he had been convicted of unspecified felonies on those occasions. We agree.

We must first decide the specific purpose for which the defendant's narcotics convictions were introduced. Evidence that a criminal defendant has been convicted of crimes on prior occasions generally is not admissible. *State* v. *Amaral,* 179 Conn. 239, 244, 425 A.2d 1293 (1979); McCormick, Evidence (2d Ed. 1972) § 190. There are, however, several well-recognized exceptions to this rule, two of which concern us here. One such

---

[4] The defendant also claimed error in the trial court's refusal to issue a capias for a defense witness. At oral argument, however, the defendant conceded that the trial court had not abused its discretion in refusing to issue the capias because it had given the defendant ample time to secure the presence of that witness. Because such decisions are vested with the trial court's discretion, the defendant's concession makes it unnecessary for us to discuss this issue further.

exception provides that "[e]vidence of other misconduct, although not ordinarily admissible to prove the bad character or criminal tendencies of the accused, may be allowed for the purpose of proving many different things, such as intent, identity, malice, motive or a system of criminal activity. *State* v. *Falby,* 187 Conn. 6, 23, 444 A.2d 213 (1982); *State* v. *Barlow,* 177 Conn. 391, 393, 418 A.2d 46 (1979)." *State* v. *Ibraimov,* 187 Conn. 348, 352, 446 A.2d 382 (1982); see *State* v. *Williams,* 190 Conn. 104, 107, 459 A.2d 510 (1983). Another exception to the general rule allows the state, in certain circumstances, to introduce evidence of a criminal defendant's prior convictions after the defendant has testified for the purpose of impugning the credibility of the defendant's testimony. General Statutes § 52-145;[5] *State* v. *Carter,* 189 Conn. 631, 642, 458 A.2d 379 (1983); *State* v. *Hamele,* 188 Conn. 372, 383, 449 A.2d 1020 (1982); *State* v. *Iasevoli,* 188 Conn. 325, 328, 449 A.2d 996 (1982); *State* v. *Nardini,* 187 Conn. 513, 521, 447 A.2d 396 (1982); *State* v. *Marquez,* 160 Conn. 47, 52, 273 A.2d 689 (1970); *Heating Acceptance Corporation* v. *Patterson,* 152 Conn. 467, 472, 208 A.2d 341 (1965); *Drazen* v. *New Haven Taxicab Co.,* 95 Conn. 500, 508, 111 A. 861 (1920).

Both in their briefs and at oral argument the parties disagreed about the purpose for which the evidence of prior convictions was offered and introduced. The state argues that the prior convictions were admitted to show the defendant's intent to sell the narcotics, as charged in the information. The defendant argues that the evidence was admitted only as bearing on the defendant's credibility. Under both exceptions, evidence of a defend-

---

[5] General Statutes § 52-145 provides: "(a) A person shall not be disqualified as a witness in any action because of, (1) his interest in the outcome of the action as a party or otherwise, (2) his disbelief in the existence of a supreme being, or (3) his conviction of crime. (b) A person's interest in the outcome of the action or his conviction of a crime may be shown for the purpose of affecting his credibility."

ant's prior convictions is admissible only where its prejudical effect does not "far outweigh" its materiality and relevancy. *State* v. *Ibraimov,* supra; *State* v. *Holliday,* 159 Conn. 169, 173, 268 A.2d 368 (1970); *State* v. *Nardini,* supra, 522; *State* v. *Marquez,* supra. The degree to which any evidence is material and relevant must be assessed in light of the fact or issue that it was intended to prove. In order to determine whether the trial court correctly admitted evidence of this defendant's prior convictions, therefore, we must first determine whether it was admitted to show intent or only to reflect on the defendant's credibility.

We are unpersuaded by the state's argument that the trial court properly allowed the prior convictions to be introduced as evidence of the defendant's intent to sell narcotics in this case. An examination of the record reveals that the assistant state's attorney who tried the case offered the prior convictions only on the issue of credibility and that the trial court admitted that evidence for that limited purpose only and so instructed the jury.

In ruling on the defendant's motion in limine the trial court observed that the defendant's prior narcotics convictions "might" be admissible for purposes other than impeachment of the defendant's testimony. When asked by counsel about the extent to which the narcotics convictions could be explored, the trial court explained to the assistant state's attorney that "[w]e don't want you to say something unless you give us warning." The assistant state's attorney stated that he would warn the court before questioning the defendant about the details of any narcotics convictions.[6]

---

[6] During argument on the motion in limine the following discussion occurred:

"Mr. Sturman [defense counsel]: Before the jury comes out, if I might just clear up something with the in limine motion. As I understand it, the State will be allowed to introduce the specific charge in those crimes and

When the assistant state's attorney questioned the defendant on cross-examination about the prior convictions he did not forewarn the trial court. Furthermore, the assistant state's attorney did not inquire about the circumstances surrounding the convictions as he would have if the convictions were being introduced as evidence of intent. Rather, he limited his questions to the name of the crime and the date of conviction, the customary inquiry when prior convictions are introduced to impeach a witness-defendant's credibility. See, e.g., *State* v. *English,* 132 Conn. 573, 580, 46 A.2d 121 (1946); see also Tait & LaPlante, Handbook of Connecticut Evidence § 7.21 (1976). The trial court did not intercede during this line of questioning and the defendant did not object. Thus, it is apparent that the trial court and both the assistant state's attorney and defense counsel recognized that the prior narcotics convictions were introduced only to impeach the defendant's credibility. Because the trial court had already denied the defendant's motion in limine to exclude that evidence and the defendant had duly excepted, the

---

the year in which the convictions were rendered and above and beyond that, they will be excluded from going into any details?

"The Court: Were you convicted of a felony? Two felonies in 1973.

"Mr. Sturman: Well, the '66—

"Mr. Clifford [assistant state's attorney]: For example, one of the narcotic charges, just saying in violation of the State Narcotic Drug Act or possession of heroin—I'm just saying I don't know what counsel is asking me to limit myself—

"The Court: We don't want you to say something unless you give us warning.

"Mr. Clifford: That's what I'm saying. I'm not going to start blurting stuff out in front of the jury. I don't want a ruling now. He is asking you to rule that I not be allowed to get into the facts of these and there may be grounds where I might be allowed to do that. So I will warn the Court if I will do that.

"The Court: All right. I've stated that with regard to the assault and the pistol, you are limited to mentioning that he was convicted of a felony; as I understand it, the date was '73. As to the others, I have denied the motion.

"Mr. Clifford: I understand that."

defendant's admissions about those convictions were admitted without objection. The state, having introduced the prior narcotics convictions only as impeachment evidence, and having chosen not to follow the court's guidelines for admission of that evidence on substantive grounds, may not now be heard to claim that it was admitted for any purpose other than impeachment.

Furthermore, the trial court's instructions to the jury specifically set forth the court's basis for admitting evidence of the prior narcotics convictions. During that portion of the instructions relating to credibility and the weight to be given to witnesses' testimony the trial court charged: "It has been indicated in this case that the defendant has been convicted of felonies. That fact of these convictions is something that you can take into consideration *in determining the truth and veracity of the defendant's testimony* as he testified on the witness stand. Of course, you are *not* simply, by virtue of his prior convictions, *to use such proof in any way of his guilt* in this particular case." (Emphasis added.) The trial court never mentioned any other use to which the jury might put that evidence. Given that the decision to admit evidence of prior convictions is within the trial court's sound discretion; *State* v. *Nardini,* supra, 521; *State* v. *Marquez,* supra; so, too, must be the decision concerning the purpose for which the evidence may be used.

The state argues that, even if it was not the trial court's intention to do so, the previous narcotics convictions were otherwise admissible because of their materiality and relevancy on the question of the defendant's intent to sell narcotics as alleged in the information. Only one of the defendant's prior narcotics convictions, however, involved the sale of narcotics. The convictions of 1966 and 1978, which the trial court allowed the assistant state's attorney to name specifi-

cally, involved possession of narcotics. The 1970 conviction, which was likewise named, involved an unspecified violation of the state narcotics act. Only on one occasion, 1973, was the defendant convicted of an offense involving the illegal sale of narcotics. Thus, even if the 1973 conviction were properly admissible as evidence of intent,[7] the other narcotics convictions are in no way material on the issue of the defendant's intent to sell narcotics. Those convictions were material and relevant only to the defendant's credibility. Thus the question before us is whether they were properly admitted for that purpose.

At common law one who had been convicted of a felony, a misdemeanor involving dishonesty, or crimes relating to the obstruction of justice, was considered incompetent to testify at any trial. McCormick, Evidence (2d Ed. 1972) § 43; See *State* v. *Nardini,* supra, 521; *State* v. *Shaw,* 185 Conn. 372, 383, 441 A.2d 561 (1981), cert. denied, 454 U.S. 1155, 102 S. Ct. 1027, 71 L. Ed. 2d 312 (1982). General Statutes § 52-145 removes that common law disqualification but also provides that "conviction of crime may be shown for the purpose of affecting [the witness's] credibility." We have interpreted that statute to mean that "a conviction of a crime, whether or not the crime is denominated a felony, is admissible under § 52-145, only if the maximum permissible penalty for the crime may be imprisonment for more than one year . . . ." *Heating Acceptance Corporation* v. *Patterson,* 152 Conn. 467, 472, 208 A.2d 341 (1965); see *State* v. *Carter,* 189

---

[7] We express no opinion as to whether the 1973 conviction for sale of heroin would be admissible as evidence of the defendant's intent to sell narcotics in this case. As we have noted above, evidence of prior convictions may be admitted as evidence of intent at a subsequent trial. That decision, however, requires the trial court to balance the materiality and relevancy of the evidence with its prejudicial effect. *State* v. *Ibraimov,* 187 Conn. 348, 352, 446 A.2d 382 (1982); *State* v. *Holliday,* 159 Conn. 169, 173, 268 A.2d 368 (1970); see *State* v. *Williams,* 190 Conn. 104, 108, 459 A.2d 510 (1983).

Conn. 631, 642, 458 A.2d 379 (1983); *State* v. *Nardini,* supra; *State* v. *Shaw,* supra; *State* v. *Townsend,* 167 Conn. 539, 563, 356 A.2d 125, cert. denied, 423 U.S. 846, 96 S. Ct. 84, 46 L. Ed. 2d 67 (1975); *State* v. *Bitting,* 162 Conn. 1, 8–9, 291 A.2d 240 (1971); *State* v. *Marquez,* supra. Such prior convictions may be proved either by questioning of the witness-defendant or by introduction of an official document reflecting the conviction. *State* v. *Marquez,* supra, 53; *State* v. *English,* supra, 579–82.

Evidence of prior criminal convictions, however, is not per se admissible. As with many questions of evidentiary admissibility, the decision is within the trial court's discretion. "[T]he inherent authority of the trial court to exclude evidence where its prejudicial tendency outweighs its probative value is particularly applicable to prior convictions otherwise qualifying for admission. *State* v. *Marquez,* [supra]. 'We believe that if a defendant testifies and, thereafter, evidence of a prior conviction is offered under circumstances in which its prejudicial effect far outweighs its materiality and relevancy on the issue of credibility in a criminal trial its admissibility should be determined by the exercise of a sound judicial discretion.' Ibid." *State* v. *Nardini,* supra, 521–22.

Three factors should be examined to determine whether a prior criminal conviction properly has been admitted: (1) the extent to which admission is likely to prejudice the defendant's cause; (2) the significance of the prior crime as bearing on the defendant's truthfulness; and (3) the remoteness in time of the prior conviction. *State* v. *Iasevoli,* 188 Conn. 325, 327, 449 A.2d 996 (1982); *State* v. *Nardini,* supra, 522; *State* v. *Marquez,* supra, 50.

The defendant does not claim that any of the prior narcotics convictions should have been excluded

because of their remoteness. Rather, he claims that the prejudicial effect of their admission greatly outweighed their probative value as to credibility. He suggests now, as he did in his motion in limine, that the trial court should have allowed the state to refer to those convictions only as unspecified felonies.

Under the standards that we have recognized, prior convictions that are admissible for impeachment purposes may be segregated into two general categories. First are those crimes that by their very nature indicate dishonesty or tendency to make false statement. *State* v. *Nardini,* supra, 523–24. Beyond the obvious violations such as perjury or false statement, we have recognized that crimes involving larcenous intent imply a general disposition toward dishonesty such that they also fall within this category. *State* v. *Carter,* supra, 643. Convictions of this sort obviously bear heavily on the credibility of one who has been convicted of them. The probative value of such convictions, therefore, may often outweigh any prejudice engendered by their admission.

The second category involves convictions for crimes that do not reflect directly on the credibility of one who has been convicted of them. *State* v. *Nardini,* supra. The theory behind the admissibility of these convictions as evidence of credibility posits that "conviction of a crime demonstrates a bad general character, a 'general readiness to do evil' and that such a disposition alone supports an inference of a 'readiness to lie in the particular case . . . .' *Gertz* v. *Fitchburg R. Co.,* 137 Mass. 77, 78 (1884) (Holmes, J.)." *State* v. *Nardini,* supra, 523–24. We have found this same rationale to underlie General Statutes § 52-145. *State* v. *Bitting,* 162 Conn. 1, 10, 291 A.2d 240 (1971).

Convictions of crimes that fall within this second category blemish the character of one so convicted. A juror

might reasonably conclude that such a witness lacks to some degree the moral rectitude from which a witness's oath of honesty derives its credibility. Nevertheless, conviction of a crime not directly reflecting on credibility clearly lacks the direct probative value of a criminal conviction indicating dishonesty or a tendency to make false statement. Thus, the balance used to measure admissibility of prior convictions is weighted less heavily toward admitting the prior conviction when it involves a crime related only indirectly to credibility. *State* v. *Carter,* supra, 644.

The prior convictions at issue here fall within the second category. Each involved a narcotics offense and carried a penalty of more than one year in prison. Although these convictions reflect adversely on the defendant's general character, they have no special or direct materiality to the defendant's credibility. See generally 3 Weinstein & Berger, Weinstein's Evidence ¶ 609[04] n. 19.

A trial court must weigh the probative value of prior convictions on a defendant's credibility in general against any prejudice that will arise from their introduction into evidence. *State* v. *Carter,* supra, 642–43; *State* v. *Iasevoli,* supra, 328–29; *State* v. *Nardini,* supra, 521; *State* v. *Marquez,* supra, 52. Here, we must decide whether the introduction of the defendant's four prior narcotics convictions, which occurred in 1966, 1970, 1973, and 1978, so prejudiced his cause in defending against this 1982 prosecution for possession of narcotics with intent to sell as to "far outweigh" the legitimate probative value of those convictions as they relate to his credibility. *State* v. *Nardini,* supra, 522.

The trial court, because of its intimate familiarity with the case, is in the best position to weigh the relative merits and dangers of any proffered evidence. *State* v. *Carter,* supra, 642; *State* v. *Bitting,* supra. On three

recent occasions, however, we have found error in a trial court's decision to admit a defendant's prior convictions to impeach his testimony. See *State* v. *Carter,* supra, 644; *State* v. *Iasevoli,* supra, 326–29; *State* v. *Nardini,* supra, 530.

In *State* v. *Carter,* supra, where the defendant was tried on a sexual assault charge, the trial court allowed the state to show for impeachment purposes that the defendant had been convicted of an identical sexual assault charge shortly before trial. Id., 641. On appeal the defendant claimed that the admission of that prior conviction unduly prejudiced his defense. There, we recognized that " '[w]here the prior crime is quite similar to the offense being tried, a high degree of prejudice is created and a strong showing of probative value would be necessary to warrant admissibility.' *State* v. *Nardini,* supra, 522." *State* v. *Carter,* supra, 642–43. We went on to conclude that it was error "for the trial court to attribute to the sexual assault conviction such great probative value on the issue of credibility as to outweigh the extraordinary prejudice which must have arisen once the jury learned that this defendant had been convicted of a similar sexual assault offense the month before." Id., 643–44.

The situation presented in this case does not differ significantly from *State* v. *Carter,* supra. This defendant's prior narcotics convictions bear no more directly on his truthfulness than did the sexual assault convictions in *State* v. *Carter,* supra. Although the convictions here are somewhat less recent than those in *State* v. *Carter,* their greater number implies an inveterate affinity for illegal narcotics, thereby engendering a greater prejudice than a single prior conviction might create. Furthermore, as in *State* v. *Carter,* one of the prior convictions (1973) involves the identical offense for which the defendant was being tried, possession of

narcotics with intent to sell.[8] Although the other three convictions (1966, 1970, and 1978) were for possession of narcotics, we note that the only element of the charge that the defendant seriously contested was his possession of the vial containing the narcotics. As such, those three convictions were as likely to steer prejudicially a jury toward a guilty verdict as if the crimes were identical.

Evidence is prejudicial "when it tends to have some adverse effect upon a defendant beyond tending to prove the fact or issue that justified its admission into evidence." *United States* v. *Figueroa,* 618 F.2d 934, 943 (2d Cir. 1980). Here, the most obvious effect of the defendant's prior narcotics convictions was to establish a pattern of chronic disregard for narcotics laws. Despite the trial court's efforts to limit the jury's consideration of those convictions to credibility, they created "inevitable pressure on lay jurors to believe that 'if he did it before he probably did so this time.' " *Gordon* v. *United States,* 383 F.2d 936, 940 (D.C. Cir. 1967), cert. denied, 390 U.S. 1029, 88 S. Ct. 1421, 20 L. Ed. 2d 287 (1968), quoted in *State* v. *Nardini,* supra, 522. Thus, their admission into evidence gave rise to extraordinary prejudice that far outweighed their marginal probative value as to the defendant's credibility. We therefore conclude that the trial court erred in denying the defendant's motion in limine as to previous narcotics convictions.[9]

---

[8] See footnote 7, supra.

[9] In *State* v. *Binet,* 192 Conn. 618, 473 A.2d 1200 (1984), we held that the trial court did not err in allowing the state to introduce the defendant's prior robbery conviction at trial on a subsequent robbery charge. There, we noted that in arguing his motion in limine the defendant had failed to present the trial court with sufficient information about "the evidence to be offered in the case . . . [or] the claims of the parties." Id., 624. We concluded that the defendant thus had failed to meet his burden of demonstrating the "character of prejudice that entitled him to a ruling in his favor." Id. The situation presented in this case, however, is significantly different. Just before hearing argument on the motion in limine the trial court

By our decision today we do not retreat from our position that the trial court may allow the state to mention specific prior convictions as evidence of a defendant's credibility provided such convictions carry a penalty of more than one year in prison and provided that their prejudicial effect does not far ourweigh their probative value. *State* v. *Carter,* supra; *State* v. *Iasevoli,* supra; *State* v. *Nardini,* supra. We note, however, that the prudent course for a trial court faced with a decision whether to admit as evidence of credibility prior convictions for crimes that do not directly reflect on credibility is to allow the state to mention that the defendant was convicted of an unspecified crime or crimes carrying a penalty of more than one year, at a certain time and place. The defendant's character, from which the jury might draw an inference of dishonesty, would thus be sufficiently impugned without the extraordinary prejudice that sometimes follows when the prior crime is specifically named.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion PETERS, HEALEY and GRILLO, Js., concurred.

---

conducted an evidentiary hearing on the defendant's motion to suppress the contraband seized during the search. The direct examination testimony of Officer Robert Cappiello during that hearing amply informed the court of the nature of the state's case. The questions asked by defense counsel in cross-examining Cappiello clearly indicated that a critical issue at trial would be whether the defendant had possession over the narcotics, as the state claimed. As defense counsel explained in argument on the motion in limine, if the jurors were made aware of the defendant's prior narcotics convictions, they would be likely to prejudge the defendant as one who often possesses narcotics. Furthermore, the prior conviction at issue in *State* v. *Binet,* supra, was robbery, a crime involving larcenous intent. As we noted above, such convictions bear more directly on credibility than crimes unrelated to dishonesty, such as narcotics convictions, and therefore are more likely to be admissible to impeach a defendant's credibility.

SHEA, J., concurring. I agree that a new trial is necessary because of the failure of the trial court to exclude the three convictions for possession of narcotics (1966, 1970 and 1978), but the use of the 1973 conviction for sale of heroin was admissible to show intent to sell, an essential element of the crime charged, under *State* v. *Amaral,* 179 Conn. 239, 244–45, 425 A.2d 1293 (1979). Since that conviction was of substantial significance upon a vital issue in the case upon which there was very little additional evidence, its probative value would clearly outweigh its prejudicial effect. *State* v. *Ibraimov,* 187 Conn. 348, 352, 446 A.2d 382 (1982); *State* v. *Holliday,* 159 Conn. 169, 173, 268 A.2d 368 (1970). The fact that the state did not offer the evidence for that purpose is immaterial, because we frequently uphold trial court rulings where the evidence is admissible on a basis different from that relied upon in the trial court. "Where the trial court reaches a correct decision but on mistaken grounds, this court has repeatedly sustained the trial court's action if proper grounds exist to support it." *Favorite* v. *Miller,* 176 Conn. 310, 317, 407 A.2d 974 (1978); *Saporiti* v. *Austin A. Chambers Co.,* 134 Conn. 476, 478, 58 A.2d 387 (1948); *Witek* v. *Southbury,* 132 Conn. 104, 110, 42 A.2d 843 (1945). The fact that the 1973 conviction was introduced to impeach the defendant's credibility created no greater prejudice than would have ensued if it had been admitted for the purpose of showing intent to sell.

At the retrial of this case, which we now order, the state presumably will offer the 1973 conviction as evidence of intent to sell in order to sustain its burden of proving that element of the crime charged. Although the majority opinion maintains that this issue was not "seriously contested," there is nothing in the record to support such an assumption. That the defendant limited his testimony to a denial of possession did not relieve the state of its burden of proving the requisite

mental element beyond a reasonable doubt. The majority opinion[1] leaves unresolved the admissibility of the 1973 conviction for sale of heroin as evidence of the defendant's intent to sell in this case. Since the issue is likely to arise at the new trial, our function as an appellate court demands that we determine the question at this time rather than create the possibility of another appeal and a third trial.

