## STATE OF CONNECTICUT *v.* FRANK MCCLAIN
## (8278)

DUPONT, C. J., SPALLONE and NORCOTT, Js.

Argued June 6—decision released August 28, 1990

*Joseph M. Shortall,* chief public defender, with whom was *Charles D. Hines,* assistant public defender, for the appellant (defendant).

*Jack W. Fischer,* deputy assistant state's attorney, with whom, on the brief, were *John M. Bailey,* state's attorney, and *Keith Duboff,* deputy assistant state's attorney, for the appellee (state).

NORCOTT, J. After a jury trial, the defendant was convicted of the crimes of assault in the second degree in violation of General Statutes § 53a-60 (a) (5) and interfering with an officer in violation of General Statutes § 53a-167a. On appeal, the defendant challenges the trial court's (1) partial denial of his motion in limine to exclude prior convictions, (2) admission into evidence of the sentences imposed for the defendant's prior convictions, and (3) admission into evidence of hearsay testimony by a state police officer concerning statements made to him by a prison inmate. We affirm the trial court's judgment.

The jury could reasonably have found the following facts. At approximately 9:15 p.m., on December 21, 1988, the defendant, an inmate at the Enfield medium security prison, engaged in a fight with another inmate, Elwell McPhail. The fight occurred in the game room of a dormitory at the prison. In the course of the fight, the two inmates fell to the floor. Officer Ernest J. Nameth attempted to break up the fight, and the defendant then struck him in the mouth, knocking him backwards.

I

On appeal, the defendant first challenges the trial court's partial denial of his motion in limine requesting that, should he testify, the trial court prevent the state from using evidence of his prior convictions for impeachment purposes. The trial court granted the motion in part, ruling that the defendant's convictions of assault in the first degree and assault in the second degree be referred to only as "unspecified felonies." The trial court allowed into evidence, however, the defendant's twelve convictions of robbery in the first degree.

Because the trial court had denied his motion in limine with respect to the robbery convictions, the

defendant testified on direct examination that he had been convicted of robbery twelve times.[1] The defendant claims that the sheer number of convictions of such a violent crime so prejudiced the jury against him as to preclude their admission into evidence.

This is an issue that both this court and our Supreme Court have dealt with many times. It is axiomatic that evidence that a criminal defendant has been convicted of crimes on prior occasions is generally not admissible. *State* v. *Geyer,* 194 Conn. 1, 5, 480 A.2d 489 (1984). It has been long recognized, however, that "[i]f a defendant in a criminal case has previously been convicted of crimes punishable by imprisonment for more than one year, a trial court may allow the state to introduce those convictions at a trial on subsequent charges as evidence related to the defendant's credibility, where credibility is in issue." *State* v. *Braswell,* 194 Conn. 297, 307, 481 A.2d 413 (1984), cert. denied, 469 U.S. 1112, 105 S. Ct. 793, 83 L. Ed. 2d 786 (1985). A trial court may properly admit such evidence only when its prejudicial effect does not "far outweigh" its probative value. *State* v. *Harrell,* 199 Conn. 255, 260, 506 A.2d 1041 (1986); *State* v. *Braswell,* supra; *State* v. *Nardini,* 187 Conn. 513, 521, 447 A.2d 396 (1982).

In balancing the probative value of evidence concerning prior convictions against the prejudicial effect of its admission, a trial court must consider three factors: "(1) the extent of the prejudice likely to arise; (2) the significance of the commission of the particular crime in indicating untruthfulness; and (3) its remoteness in time." *State* v. *Nardini,* supra, 522. "A trial court's decision denying a motion to exclude a witness' prior

---

[1] The defendant testified that he also had been convicted of "two other" felonies. On appeal, however, he challenges the admission of only the robbery convictions.

record, offered to attack his credibility, will be upset only if the court abused its discretion." *State* v. *Binet,* 192 Conn. 618, 623, 473 A.2d 1200 (1984).

"In moving to bar introduction of prior convictions a defendant in a criminal case bears the burden of demonstrating the specific harm that will occur if the convictions are introduced." *State* v. *Braswell,* supra, 308. In this case, the defendant argued at trial that his robbery convictions should be excluded, first, because the number of convictions would unduly prejudice the jury, and, second, because the convictions of robbery, a violent crime, were so like the offense being tried as to create a high degree of prejudice.

It is clear that the trial court considered both the defendant's arguments and the three criteria set forth by our Supreme Court before ruling on the defendant's motion in limine. The trial court specifically noted that, because the underlying crime of robbery is larceny, the defendant's robbery convictions were "highly probative of his truthfulness and veracity." See *State* v. *Harrell,* supra, 263; *State* v. *Geyer,* supra, 12. In addition, the trial court performed the requisite balancing when it sanitized the defendant's assault convictions.[2] See *State* v. *Geyer,* supra, 16. The trial court did not abuse its discretion in denying the defendant's motion in limine. Therefore, we do not disturb its ruling.

## II

The defendant next challenges the admission into evidence of the sentences imposed for his prior convictions. After ruling on the defendant's motion in limine, the trial court held that sentences imposed for each of the defendant's fourteen convictions could be revealed to the jury. Subsequently, the defendant testified on

---

[2] The trial court "sanitized" the assault convictions, ordering that they be referred to as unspecified felonies, to avoid undue prejudice to the defendant.

direct examination that he had received a total sentence of twelve years for his twelve convictions of robbery and of two unspecified felonies. The defendant claims that, because he admitted to his prior convictions, the "customary inquiry" concerning impeachment should be limited to "the name of the crime and the date of conviction." *State* v. *Geyer*, supra, 8.

Although this is an issue of first impression in Connecticut, courts in other jurisdictions have addressed this issue and have come to different conclusions as to its resolution. In some states, courts have allowed questioning as to the sentence imposed for a conviction when that conviction is introduced to impeach the defendant. See, e.g., *State* v. *Washington*, 383 S.W.2d 518 (Mo. 1964); *State* v. *Sinclair*, 57 N.J. 56, 269 A.2d 161 (1970); *Webb* v. *State*, 445 P.2d 531 (Okla. Crim. App. 1968); *Jackson* v. *State*, 161 Tex. Crim. 561, 279 S.W.2d 354 (1955). Other states have held that such an inquiry is absolutely prohibited. See, e.g., *People* v. *Rappuhn*, 390 Mich. 266, 212 N.W.2d 205 (1973); *Murray* v. *State*, 266 So. 2d 139 (Miss. 1972), cert. denied, 411 U.S. 907, 93 S. Ct. 1534, 36 L. Ed. 2d 196 (1973). Still a third group of states has held that a criminal defendant may not be questioned as to his sentence for a prior conviction when he has admitted the fact of that conviction. See, e.g., *People* v. *Chestnut*, 42 App. Div. 2d 594, 345 N.Y.S. 2d 79 (1973); *State* v. *Corn*, 215 S.C. 166, 54 S.E.2d 559 (1949). We find this last rule to be most sound, and we therefore adopt it in this case.

When a criminal defendant testifies at trial, evidence of his prior convictions is allowed so that the jury may fully assess his credibility. *State* v. *Braswell*, supra, 307. The relevance of the sentence imposed for any prior conviction to the issue of credibility is, however, questionable at best. *People* v. *Rappuhn*, supra, 273. The sentence imposed is an "uncertain sequel" to the defendant's acts that sheds no genuine light on his

credibility. Id. This is especially true when the defendant admits that he has been convicted of a particular crime. *People* v. *Chestnut,* supra.

Furthermore, evidence of the defendant's punishment would tend to confuse, rather than clarify, the meaning of the defendant's prior conduct to the jury. Sentencing is based on a number of factors, only one of which relates to the seriousness of the crime charged, and varies from tribunal to tribunal and from judge to judge. *People* v. *White,* 26 Mich. App. 35, 39–40, 181 N.W.2d 803 (1970). To a lay jury, the likely conclusion is simply that the greater the sentence, the more serious the crime. To prevent this possible misplaced conclusion, the trial judge would be forced to explain to the jury the complexities and vagaries of sentencing. The jury might still be unable to grasp the true meaning of the sentence absent an examination of the transcript of the defendant's sentencing. Only through such scrutiny could the jury be expected properly to assess the significance, if any, of the sentence imposed.

The value of evidence of the defendant's punishment for prior crimes is limited, particularly when the defendant, on direct or cross-examination, has admitted to those convictions. Therefore, we hold that the trial court improperly allowed the defendant to be questioned about his sentences for his prior convictions.

Our inquiry does not end with this conclusion, however. Because the defendant's claim does not involve the violation of a constitutional right, he bears the burden of demonstrating that the trial court's action was harmful. *State* v. *Talton,* 197 Conn. 280, 290, 497 A.2d 35 (1985). Therefore, we now consider whether the admission of the testimony "was so prejudicial to the rights of the defendant as to deprive him of a fair trial"; *State* v. *Ruth,* 181 Conn. 187, 196, 435 A.2d 3 (1980); that is, "whether the claimed erroneous action of the

court would have been likely to affect the result." *State* v. *McClain,* 171 Conn. 293, 300, 370 A.2d 928 (1976).

We conclude that the trial court's admission of the sentences imposed for the defendant's prior convictions was harmless under the circumstances of this case. After learning that the defendant had been convicted of fourteen separate felonies, the jury could not have been significantly impacted by the information that the defendant was sentenced to a total of twelve years in prison. If anything, the jury's knowledge of the defendant's relatively light sentence could have mitigated in his favor.

We cannot conclude that the defendant has met his burden of demonstrating the harmfulness of the trial court's ruling. *State* v. *Talton,* supra.

### III

Finally, the defendant claims that his constitutional right to confront the witnesses against him was violated when Trooper Stephen P. Snow of the state police testified concerning statements made to him by McPhail, the inmate who had been fighting with the defendant just prior to the incident in question.[3] The defendant concedes that he failed to preserve this claim properly during trial, but argues that it should be

---

[3] The testimony of which the defendant complains reads:

"[State's Attorney]: Now, did you speak to anyone else about the incident in question?

"[Trooper Snow]: I spoke with an inmate McPhail, who was also present at the time the assault took place.

"[State's Attorney]: And did he give you a statement?

"[Trooper Snow]: He did orally. He wouldn't give me anything in writing. He refused to give me anything in writing. He refused to give me anything in writing, but he stated orally, basically, the same statement that was given by correctional officer Nameth.

"[State's Attorney]: So as to what occurred, he was consistent with that?

"[Trooper Snow]: Exactly."

reviewed under *State* v. *Evans,* 165 Conn. 61, 70, 327 A.2d 576 (1973), or the plain error doctrine. Practice Book § 4185.

We will review an unpreserved claim under the *Evans* bypass doctrine only where that claim is of constitutional magnitude, alleging the violation of a fundamental right. *State* v. *Golding,* 213 Conn. 233, 238–40, 567 A.2d 823 (1989). Here, the defendant's claim is primarily an evidentiary one. "[A] defendant's right of confrontation is not violated despite the absence of the out-of-court declarant if the statement 'bears sufficient indicia of reliability to assure the trier of fact an adequate basis for evaluating the truth of the declaration . . . .' " *State* v. *Vessichio,* 197 Conn. 644, 658, 500 A.2d 1311 (1985), cert. denied, 475 U.S. 1122, 106 S. Ct. 1642, 90 L. Ed. 2d 187 (1986). Inmate McPhail's statement bears some indicia of reliability in that it merely corroborated Nameth's statement, as well as portions of the defendant's own testimony. The defendant, therefore, has failed to allege the violation of a fundamental right, and *Evans* review is therefore unwarranted.

Similarly, the defendant's claim is not reviewable as plain error under Practice Book § 4185. "Such review is reserved for the truly extraordinary situations where the existence of the error is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings." *State* v. *Hinckley,* 198 Conn. 77, 87–88, 502 A.2d 388 (1985). We conclude that this testimony was purely cumulative. We cannot say that the admission of purely cumulative hearsay evidence impaired the fairness or integrity of the defendant's trial. We, therefore, decline to review further the admission of the hearsay evidence in question.

The judgment is affirmed.

In this opinion the other judges concurred.