[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONRE: MOTION IN LIMINE
The defendant, who is charged with two counts of stalking in the second degree in violation of General Statutes § 53a-181d, has moved in limine to exclude evidence of her 1996 conviction for second degree harassment. See Practice Book § 42-15 (formerly § 850B). The Court grants this motion in part and denies it in part.
Harassment in the second degree is a misdemeanor. See Conn. Gen. Stat. § 53a-183. If the defendant takes the stand, the State may not attempt to impeach her credibility with such a misdemeanor conviction, see State v. Martin, 201 Conn. 74, 86
(1986); State v. Geyer, 194 Conn. 1, 10 (1984), unless the defendant opens the door to the topic on direct examination. SeeLo Sacco v. Young, 20 Conn. App. 6, 14-15, cert. denied,213 Conn. 808 (1989). Cf. State v. Dawkins, 42 Conn. App. 810, 818,cert. denied, 239 Conn. 932 (1996) (holding that State can impeach with misdemeanor larceny convictions because they indicate dishonesty).
The long-standing rule in Connecticut is that the State may CT Page 4927 admit the underlying facts about prior (or subsequent) misconduct to prove matters such as knowledge, intent, motive or opportunity, or to "complete the story of the charged crime by placing it in the context of nearby and nearly contemporaneous happenings". State v. Gould, 241 Conn. 1, 21-23 (1997); State v.Oliver, 48 Conn. App. 41, 49-50 (1998). In such cases, the State must show that the probative value of the evidence outweighs its prejudicial effect. Id. The State may also introduce evidence of a common plan or design to prove identity or that a crime occurred if the characteristics of the charged and uncharged offenses are "sufficiently distinctive and unique as to be like a signature," and the evidence is not overly prejudicial. State v.Morowitz, 200 Conn. 440, 442-46 (1986) (internal quotations omitted). Applying these standards, the Court will address the issue of prior misconduct if and when it arises at trial.
The Connecticut courts do not seem to have addressed squarely the question of whether the State can introduce a defendant's prior or subsequent conviction, in addition to the underlying facts of the misconduct, to prove matters such as knowledge, intent, or motive. Compare State v. Dawkins, 42 Conn. App. at 818
("Generally, evidence that a defendant has been convicted of crimes on prior occasions is not admissible") with State v.Vessichio, 197 Conn. 644, 663-65 (1985) (upholding the admission of evidence of a subsequent drug sale along with fact that defendant pleaded guilty to the sale). Because the narrow fact that the defendant was previously convicted of second degree harassment, in and of itself, does not make it more likely that she stalked the victim in the present case, the fact of the conviction would tend to prejudice the defendant's case unfairly, and the conviction represents a heresay finding by the prior judge or jury, the Court will not admit the fact of conviction as part of any prior misconduct evidence.
Given that stalking in the second degree is a crime that involves putting the victim in fear for his physical safety, see
Conn. Gen. Stat. § 53a-181d, the defendant may present character witnesses to give opinion or reputation evidence concerning the defendant's peaceful character. See State v.DeAngelis, 200 Conn. 224, 236-37 (1986); State v. Ostolaza,20 Conn. App. 40, 45-46, cert. denied, 213 Conn. 808 (1989). If the defendant does so, the State may cross-examine concerning whether the witness knows or has heard of the defendant's conviction for harassment, since such a conviction is inconsistent with a peaceful character. See State v. Ostolaza, 20 Conn. App. at 45-46. CT Page 4928
SCHUMAN, J.