## STATE OF CONNECTICUT v. NAJI MUHAMMAD (AC 24536)

Schaller, Gruendel and Harper, Js.

Argued June 3—officially released September 20, 2005

*Deborah G. Stevenson,* special public defender, for the appellant (defendant).

*Julia K. Conlin,* deputy assistant state's attorney, with whom, on the brief, were *Mary M. Galvin,* state's

attorney, and *Kevin S. Russo*, assistant state's attorney, for the appellee (state).

*Opinion*

GRUENDEL, J. The defendant, Naji Muhammad, appeals from the judgment of conviction, rendered following a jury trial, of assault in the first degree in violation of General Statutes § 53a-59 (a) (3). On appeal, the defendant claims that the trial court improperly (1) allowed facts concerning two prior convictions of the defendant to be admitted into evidence and (2) precluded certain evidence of the victim's prior assault of a third party. We affirm the judgment of the trial court.

The jury reasonably could have found the following facts. On February 10, 2001, the defendant was at home in West Haven with his wife, Ann Muhammad, and their three children, including Randall Deneutte, the sixteen year old son of Ann Muhammad and the victim, Randall Smith. When Deneutte interrupted a conversation between the defendant and his mother, the defendant ordered Deneutte to go downstairs, where his bedroom was located, and to get dressed to leave. The defendant took Deneutte by the arm and forcibly walked him to the stairs leading to his room. Deneutte informed the defendant that he was going to call his father, the victim. Deneutte did so and asked the victim to come to the house because the defendant had tried to push him down the stairs.

The victim drove to the defendant's house and entered to retrieve his son. Upon entering, the victim began to argue with the defendant and Ann Muhammad. The argument escalated, and the defendant grabbed a sword from a nearby room and approached the victim. The victim and the defendant exited the house and continued to fight in the driveway. During the course of the altercation, the defendant struck the victim a number of times with the sword. While the victim and

the defendant continued to struggle in the driveway, Deneutte went to a neighbor's house to get help. When the neighbor arrived, he kicked the sword away and pulled the victim away from the defendant.

The defendant went inside his house to clean up and left when told that the police were arriving. He later surrendered when the police located him nearby. The defendant acknowledged to the officer transporting him to the police station that he was the person they were looking for in connection with the incident at his house.

The state charged the defendant with one count of assault in the first degree in violation of § 53a-59 (a) (1) and one count of assault in the first degree in violation of § 53a-59 (a) (3). On November 1, 2001, the defendant pleaded not guilty to the charges and elected a jury trial. Following the trial, on January 17, 2003, the jury returned a verdict of guilty on the count of assault in the first degree in violation of § 53a-59 (a) (3) and a verdict of not guilty with respect to the other count. The court rendered judgment of conviction in accordance with the verdict and, on April 10, 2003, sentenced the defendant to nine years of incarceration plus six years of special parole. This appeal followed.

I

The defendant first claims that the court abused its discretion by improperly admitting into evidence facts concerning two prior convictions.[1] We disagree.

The defendant's first claim arises from the denial of his April 15, 2003 motion in limine to preclude evidence regarding the defendant's 1987 convictions of sexual assault in the first degree and kidnapping in the first

[1] Because we find that the issue was properly preserved in a motion in limine that the defendant filed, review under *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989), is not necessary.

degree.[2] The state sought to admit the prior convictions into evidence to impeach the defendant's credibility pursuant to § 6-7 of the Connecticut Code of Evidence. The defendant argues that the prior convictions should have been precluded because they (1) did not indicate dishonesty, (2) were too remote in time and (3) were prejudicial and established a pattern of violent behavior such that a jury would believe that if he had assaulted before he would do it again. After oral argument, the court found that the probative value of the evidence outweighed any possible prejudice to the defendant. The court ruled that only the name of each offense and when and where it was committed was admissible, and the defendant testified accordingly on direct examination.

We begin by setting forth the standard of review. "Our standard of review for evidentiary matters allows the trial court great leeway in deciding the admissibility of evidence. The trial court has wide discretion in its rulings on evidence and its rulings will be reversed only if the court has abused its discretion or an injustice appears to have been done. . . . The exercise of such discretion is not to be disturbed unless it has been abused or the error is clear and involves a misconception of the law. . . . Sound discretion, by definition, means a discretion that is not exercised arbitrarily or wilfully, but with regard to what is right and equitable under the circumstances and the law . . . . And [it] requires a knowledge and understanding of the material circumstances surrounding the matter . . . . In our review of these discretionary determinations, we make every reasonable presumption in favor of upholding the

___

[2] The defendant's brief references an additional conviction in 1987 of assault in the third degree. The state, however, did not seek to admit that conviction into evidence at trial, nor does the record indicate any reference to it. Accordingly, the admissibility of evidence concerning that conviction is not addressed in this appeal.

trial court's ruling." (Citation omitted; internal quota-
tion marks omitted.) *State* v. *Ciccio*, 77 Conn. App. 368,
382, 823 A.2d 1233, cert. denied, 265 Conn. 905, 831
A.2d 251 (2003). Thus "[a] trial court's decision denying
a motion to exclude a witness' prior record, offered to
attack his credibility, will be upset only if the court
abused its discretion." (Internal quotation marks omit-
ted.) Id., 385.

"It is well settled that evidence that a criminal defen-
dant has been convicted of crimes on a prior occasion
is not generally admissible. . . . There are, however,
several well recognized exceptions to this rule, one of
which is that [a] criminal defendant who has previously
been convicted of a crime carrying a term of imprison-
ment of more than one year may be impeached by the
state if his credibility is in issue." (Internal quotation
marks omitted.) Id.[3] "In determining whether to admit
evidence of a conviction, the court shall consider: (1)
the extent of the prejudice likely to arise; (2) the signifi-
cance of the particular crime in indicating untruthful-
ness; and (3) the remoteness in time of the conviction.
. . . Moreover, [i]n evaluating the separate ingredients
to be weighed in the balancing process, there is no way
to quantify them in mathematical terms. . . . There-
fore, [t]he trial court has wide discretion in this balanc-
ing determination and every reasonable presumption
should be given in favor of the correctness of the court's
ruling . . . . Reversal is required only where an abuse

---

[3] A criminal defendant's constitutional rights do not afford him any addi-
tional protection from impeachment by evidence of prior convictions. "[B]y
exercising his fifth amendment right to testify on his own behalf, it is
axiomatic that a defendant opens the door to comment on his veracity. It
is well established that once an accused takes the [witness] stand and
testifies his credibility is subject to scrutiny and close examination. . . .
A defendant cannot both take the [witness] stand and be immune from
impeachment. . . . An accused who testifies subjects himself to the same
rules and tests which could by law be applied to other witnesses." (Internal
quotation marks omitted.) *State* v. *Ciccio*, supra, 77 Conn. App. 387.

of discretion is manifest or where injustice appears to have been done." (Citations omitted; internal quotation marks omitted.) *Label Systems Corp.* v. *Aghamoham-madi*, 270 Conn. 291, 307, 852 A.2d 703 (2004).

The burden lies with the party objecting to the admission of evidence of prior convictions to demonstrate the prejudice that is likely to arise from its admission. Id., 312. "Although the probative value of evidence of his prior convictions is certainly *damaging* to [the defendant's] credibility, that does not necessarily impart an undue degree of *prejudicial* effect as well." (Emphasis in original.) Id., 315. "The test for determining whether evidence is unduly prejudicial is not whether it is damaging to the defendant but whether it will improperly arouse the emotions of the jury." (Internal quotation marks omitted.) *State* v. *Ciccio*, supra, 77 Conn. App. 387.

The defendant first argues that the prior convictions of sexual assault and kidnapping were sufficiently similar to assault in the first degree such that their introduction created prejudice to an extent that warranted preclusion. "There is, of course, no per se rule prohibiting impeachment of a defendant by proof of a prior conviction of a crime similar to that for which he is being tried when that prior conviction is offered to attack his credibility." *State* v. *Binet*, 192 Conn. 618, 622, 473 A.2d 1200 (1984). Rather, the court must look to the prejudice that would arise from admission of the evidence. "[A] high degree of prejudice can be expected when the prior crime is quite similar to the crime charged because of the jury's tendency to believe that if he did it before, he probably did it again. . . . This generic prejudice is insufficient to render the disclosure of his prior conviction inadmissible." (Citations omitted; internal quotation marks omitted.) *State* v. *Rivera*, 221 Conn. 58, 73–74, 602 A.2d 571 (1992). The court reasonably could have found that the assault charges

were not so similar to the prior convictions of sexual assault and kidnapping as to prejudice the jury in the same manner as would a previous conviction for assault.[4] Cf. *State* v. *Carter*, 189 Conn. 631, 458 A.2d 379 (1983) (excluding prior conviction of sexual assault when current charges were for same offense). The defendant further argues that the similarity between the prior convictions of kidnapping and sexual assault and the assault charges as crimes of violence is evident in the statutory language defining each offense. We are not persuaded by that argument, as the jury was never informed of the elements of the prior offenses, and, thus, it was unable to make such comparisons. Accordingly, we conclude that the prejudice that arose from admitting into evidence testimony concerning the defendant's prior convictions of sexual assault and kidnapping was of the general sort that was insufficient to render them inadmissible.

The defendant next argues that the remoteness in time between his prior convictions and their use to impeach his credibility at trial decreased their probative value to an extent that justified preclusion under the third prong of § 6-7 of the Connecticut Code of Evidence. "[T]he fact that a prior conviction is more than ten years old should greatly increase the weight carried by the third prong in the balancing test set forth in § 6-7 of the Connecticut Code of Evidence, unless that prior conviction relates to the witness' veracity." *Label Systems Corp.* v. *Aghamohammadi*, supra, 270 Conn. 313–14. That ten year benchmark, however, does not present an absolute bar to the use of a conviction that is more than ten years old but rather functions as a

[4] "Where multiple convictions of various kinds can be shown, strong reasons arise for excluding those which are for the same crime because of the inevitable pressure on lay jurors to believe that if he did it before he probably did so this time." (Internal quotation marks omitted.) *State* v. *Carter*, 189 Conn. 631, 644, 458 A.2d 379 (1983). Here, the state limited its evidentiary request to the two dissimilar convictions.

guide to assist the court in evaluating the conviction's remoteness. Id., 313. "[T]he measuring point for a remoteness determination under § 6-7 of the Connecticut Code of Evidence is the date of conviction or the date of release from resulting confinement, whichever is later." Id., 315 n.21. It is undisputed that although the defendant's 1987 convictions were beyond the ten year benchmark, his release from confinement was within the relevant period. Accordingly, we conclude that the remoteness of the defendant's prior convictions did not decrease the probative value of those convictions to an extent that justified their preclusion.

The defendant finally argues that the prejudicial effect of introducing the prior convictions of sexual assault and kidnapping outweighed their probative value for impeachment of his credibility because crimes of violence do not bear on a witness' veracity. Our Supreme Court has noted that "[u]nlike convictions for crimes involving fraud or dishonesty, crimes of violence generally have no direct bearing upon a witness' truthfulness . . . ." (Citations omitted.) *State* v. *Carter*, 228 Conn. 412, 431–32 n.20, 636 A.2d 821 (1994). That rule, however, does not preclude the admission of such convictions under all circumstances. Our Supreme Court has also "noted the legislative judgment that records of [all] crimes involving sentences of more than one year affect the credibility of a witness . . . ." (Internal quotation marks omitted.) *State* v. *Rivera*, supra, 221 Conn. 74. "The theory behind the admissibility of these convictions [that do not directly bear on veracity] as evidence of credibility posits that conviction of a crime demonstrates a bad general character, a general readiness to do evil and that such a disposition alone supports an inference of a readiness to lie in the particular case . . . ." (Internal quotation marks omitted.) *State*

v. *Geyer*, 194 Conn. 1, 12, 480 A.2d 489 (1984); see also *State* v. *Rivera*, supra, 74.[5]

When the trial court exercises its discretion to admit evidence of a prior conviction, § 6-7 of the Connecticut Code of Evidence permits admission of both the title of the offense and the date of conviction. The court, however, may take steps to reduce the prejudice associated with the admission of evidence of a violent crime that does not directly bear on a witness' veracity. "To avoid unwarranted prejudice to the witness, when a party seeks to introduce evidence of a felony that does not directly bear on veracity, a trial court ordinarily *should* permit reference only to an unspecified crime carrying a penalty of greater than one year that occurred at a certain time and place." (Emphasis added.) *State* v. *Pinnock*, 220 Conn. 765, 780, 601 A.2d 521 (1992). That prudent course allows the jury to draw an inference of dishonesty from the prior conviction without the extraordinary prejudice that may arise from naming the specific offense. See *State* v. *Geyer*, supra, 194 Conn. 16. We note that "the language . . . suggesting that the crime be referred to as an 'unspecified' felony conviction is *permissive not mandatory*." (Emphasis added.) *State* v. *Rivera*, supra, 221 Conn. 74. Ultimately, "[t]he trial court, because of its intimate familiarity with the case, is in the best position to weigh the relative merits and dangers of any proffered evidence. . . . This principle applies with equal force to the admissibility of prior convictions." (Internal quotation marks omitted.) *State* v. *Ciccio*, supra, 77 Conn. App. 386.

In *Label Systems Corp.* v. *Aghamohammadi*, supra, 270 Conn. 314–15, our Supreme Court stated: "[G]iven

---

[5] Because the prior convictions fell within the ten year benchmark established in § 6-7 of the Connecticut Code of Evidence, the prior offenses did not need to have "special significance on the issue of veracity"; (internal quotation marks omitted) *State* v. *Ciccio*, supra, 77 Conn. App. 388; to surmount the remoteness hurdle.

the nature of the allegations in this case, the fact that [the defendant's] version of what happened during the course of this dispute varied considerably from the testimony of the [victim] and other witnesses further counsels against the exclusion of evidence of his prior convictions." In the present case, by alleging self-defense, the defendant contrasted his version of the altercation with the victim's account, and thus drew into question the credibility of each witness.[6] "When a case [would be] narrowed to the credibility of two persons—the accused and his accuser . . . in those circumstances there [is] greater, not less, compelling reason for exploring all avenues which would shed light on which of the two witnesses [is] to be believed." (Internal quotation marks omitted.) *State* v. *Askew*, 245 Conn. 351, 369, 716 A.2d 36 (1998).[7] Because "[the] balancing of intangibles—probative values against probative dangers—is so much a matter where wise judges in particular situations may differ that a lee-way of discretion is generally recognized"; (internal quotation marks omitted) id., 370; we cannot conclude that the court abused its discretion by admitting the names and

---

[6] The use of deadly force in self-defense pursuant to General Statutes § 53a-19 involves a subjective inquiry into the defendant's reasonable belief that he needed to use such force and an objective consideration as to whether such force was necessary. "The jury's initial [subjective] determination, therefore, requires the jury to assess the veracity of the witnesses, often including the defendant, and to determine whether the defendant's account of his belief in the necessity to use deadly force at the time of the confrontation is in fact credible." (Internal quotation marks omitted.) *State* v. *Collins*, 68 Conn. App. 828, 834, 793 A.2d 1160, cert. denied, 260 Conn. 941, 835 A.2d 58 (2002).

[7] *Askew* further counsels that "[t]he danger of unfair prejudice is far greater when the accused, as opposed to other witnesses, testifies, because the jury may be prejudiced not merely on the question of credibility but also on the ultimate question of guilt or innocence." (Internal quotation marks omitted.) *State* v. *Askew*, supra, 245 Conn. 363. We already have determined that the similarity between the prior convictions and the charges for which the defendant was on trial did not rise to the level of prejudice that precluded their admission into evidence.

dates of the defendant's felony convictions to allow the jury to explore all such avenues as might shed light on the defendant's credibility.

Because the court reasonably could have concluded that the prejudicial effect of the prior convictions did not outweigh their probative value to impeach the defendant's credibility, and because that was the sole purpose of their admission,[8] we are persuaded that the court did not abuse its discretion. Cf. *State* v. *Rivera*, supra, 221 Conn. 74–75 ("[i]n view of the total dissimilarity between this murder charge and the *recent* narcotics felony conviction, the fact that such a conviction has less bearing on the defendant's credibility than crimes recognized as indicating dishonesty, such as perjury and fraud, is not sufficient to constitute an abuse of the trial court's discretion in this instance" [emphasis in original]).[9]

## II

The defendant next claims that the court improperly precluded certain evidence of the victim's alleged prior assault of a third party. Specifically, he argues that the court abused its discretion and created prejudice by precluding that evidence, as it was relevant to the defendant's claim of self-defense and tended to show the defendant's state of mind as having been fearful of the victim. We disagree.

---

[8] The jury instructions reaffirm that the use of the evidence of prior convictions was limited to credibility determinations relative to the victim and the defendant.

[9] In *State* v. *Stavrakis*, 88 Conn. App. 371, 376–78, 869 A.2d 686, cert. denied, 273 Conn. 939, 875 A.2d 45 (2005), this court recently held that the trial court abused its discretion by admitting evidence of a prior conviction that was not indicative of veracity and that was more than ten years old but that doing so was not so prejudicial that the defendant was deprived of a fair trial. We do not find it controlling, however, as the balance of factors differs in a case such as this where the prior conviction fits within the ten year period. No abuse of discretion lies where the trial court may reasonably have balanced the factors differently in one case than in another.

The defendant's second claim arises from the court's ruling precluding evidence of the circumstances of the victim's alleged prior assault on a third party, the facts of how the defendant became aware of that assault and the identity of that third party. At trial, the defendant sought to introduce evidence of prior threats by the victim and his son against him, as well the alleged circumstances surrounding the victim's prior assault of a man called "Jay," who previously had been involved in a relationship with the defendant's wife. The court allowed the defendant to testify that the victim previously had called the defendant names and made other derogatory comments directly to him. The defendant also testified that Deneutte had threatened that he was going to call the victim to beat up the defendant "like he had beat up Jay." The court, however, did not permit the defendant to testify as to how he became aware of the victim's prior assault on Jay, the circumstances of the assault or Jay's relationship to the parties. The defendant timely objected to the court's decision and claimed it for appeal.

We begin by setting forth our standard of review. "It is well established that [t]he trial court has broad discretion in ruling on the admissibility [and relevancy] of evidence. . . . The trial court's ruling on evidentiary matters will be overturned only upon a showing of a clear abuse of the court's discretion." (Internal quotation marks omitted.) *State* v. *Booth*, 250 Conn. 611, 645, 737 A.2d 404 (1999), cert. denied sub nom. *Brown* v. *Connecticut*, 529 U.S. 1060, 120 S. Ct. 1568, 146 L. Ed. 2d 471 (2000). "Furthermore, [t]o establish an abuse of discretion, [the defendant] must show that the restrictions imposed upon [the testimony] were clearly prejudicial. . . . In order to establish reversible error on an evidentiary impropriety, however, the defendant must prove both an abuse of discretion and a harm that resulted from such abuse." (Citations omitted; internal

quotation marks omitted.) *State* v. *Ramos*, 261 Conn. 156, 175, 801 A.2d 788 (2002).

"Relevant evidence is evidence that has a logical tendency to aid the trier in the determination of an issue." (Internal quotation marks omitted.) *State* v. *Booth*, supra, 250 Conn. 645. "The proffering party bears the burden of establishing the relevance of the offered testimony." (Internal quotation marks omitted.) *State* v. *Ramos*, supra, 261 Conn. 176. Section 4-3 of the Connecticut Code of Evidence provides that "[r]elevant evidence may be excluded if its probative value is outweighed by the danger of unfair prejudice or surprise, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time or needless presentation of cumulative evidence."

The court properly precluded the evidence as unduly prejudicial. "There are situations where the potential prejudicial effect of relevant evidence would suggest its exclusion. These [include] . . . where the proof and answering evidence it provokes may create a side issue that will unduly distract the jury from the main issues . . . ." (Internal quotation marks omitted.) *State* v. *Booth*, supra, 250 Conn. 645–46. "[A] lot of . . . information is collateral and it just creates confusion among the jurors. . . . And we get off on minitrials about incidents between the witness and the victim." (Internal quotation marks omitted.) *State* v. *Stavrakis*, 88 Conn. App. 371, 381, 869 A.2d 686, cert. denied, 273 Conn. 939, 875 A.2d 45 (2005). Here, the court reasonably could have concluded that the jury would have become distracted by the circumstances surrounding the victim's alleged previous assault on Jay. Resolution of that confusion would have involved testimony by Jay, testimony that was not relevant to the assault charges pending against the defendant. Accordingly, the court acted within its discretion in precluding testimony of specific violent acts of the victim against Jay. Cf. *State* v. *Smith*,

222 Conn. 1, 18, 608 A.2d 63 (declining to introduce evidence of violent incident between victim and third party in hours immediately preceding homicide), cert. denied, 506 U.S. 942, 113 S. Ct. 383, 121 L. Ed. 2d 293 (1992).

The court also properly precluded the evidence as cumulative of other evidence that already had been admitted to demonstrate the defendant's state of mind. The court permitted testimony of the victim's prior threats against the defendant.[10] The court also permitted testimony regarding Deneutte's threats against the defendant, including that the victim had beat up Jay and that Deneutte was going to have him do the same thing to the defendant. Even relevant evidence may be precluded under § 4-3 of the Connecticut Code of Evidence when it is merely cumulative of evidence already admitted. Thus, the court did not abuse its discretion and prejudice the defendant's self-defense claim by declining to admit the additional evidence. Cf. *State v. Ramos*, supra, 261 Conn. 180 (declining to allow testimony on defendant's subjective belief that victims were gang members, proffered as relevant to defendant's state of mind for claim of self-defense, because testimony was cumulative of other testimony presented to establish state of mind).

Because the potential for distracting the jury with the side issue of the victim's alleged assault of Jay had the potential to become a trial within a trial and because the proffered evidence was cumulative of testimony that already had been admitted, we conclude that the court did not abuse its discretion in declining to admit

---

[10] "[E]vidence of specific acts of violence previously committed by a victim against a defendant offered in support of the defendant's self-defense claim was admissible to show the state of mind of the defendant at the time of the [incident]." *State v. Stavrakis*, supra, 88 Conn. App. 379–80. We decline to extend that exception to alleged prior violent acts by the victim against a third party.

the additional evidence. Cf. *State* v. *Stavrakis*, supra, 88 Conn. App. 380–81 ("We conclude, therefore, that the court did not abuse its discretion in precluding the defendant from also introducing specific acts of violence committed by the victim against the defendant's sister. Not only would such evidence of specific bad acts have been cumulative of the testimony already introduced, but the court reasonably could have determined that its potential for prejudice far outweighed its minimal probative value."). Moreover, the court's preclusion of that evidence did not deny the defendant the opportunity to present evidence on his claim of self-defense. Cf. *State* v. *Carter*, 48 Conn. App. 755, 764, 713 A.2d 255, cert. denied, 247 Conn. 901, 719 A.2d 905 (1998).

The judgment is affirmed.

In this opinion the other judges concurred.